**Perry SCHNEIDER, Appellant,**

v.

**ASHBURN/SCHNEIDER PAINTING, and State Farm Fire & Casualty Co., Respondent.**

**No. 62069.**

Missouri Court of Appeals, Eastern District, Division Four.

March 9, 1993.

Suzanne M. Resnia, Sherry Gunn, St. Louis, for appellant.

Robert T. Hart, St. Louis, for respondent.

CARL R. GAERTNER, Presiding Judge.

Claimant, Perry Schneider appeals from an order of the Labor and Industrial Rela-

tions Commission ("Commission") denying his claim for worker's compensation.

On August 1, 1990, claimant filed a claim for worker's compensation alleging he injured his lower back on August 14, 1989 while moving a partially extended 32–foot extension ladder. At the hearing before the administrative law judge (ALJ), claimant testified that a gust of wind caught the ladder while he strained to hold it causing pain in his right buttock and thigh. He first sought medical attention from Dr. Liebhaber on September 18, 1989. The doctor's records, introduced into evidence by the employer, show that on that date claimant stated his complaints stemmed from an incident in which he "wrestled with a roto tiller two weeks ago." Claimant denied making this statement. Also introduced into evidence were the records of Dr. Kinkeade, a chiropractor who claimant consulted on June 13, 1990. These records include claimant's statement that his back complaints "started after falling off a ladder at work." Claimant denied making this statement. After filing his claim for compensation, claimant consulted Dr. Hoffman who performed a lumbar laminectomy for the repair of a herniated disc. Because the history of claimant's injury contained in the records of Drs. Liebhaber and Kinkeade differed from the version of the incident testified to by claimant and corroborated by an employee of claimant's company, the ALJ concluded that claimant had not met his burden of establishing that the incident of August 14, 1989 occurred or that his injuries were a result of an incident on that date. Accordingly, the ALJ awarded no compensation.

On appeal to the Labor and Industrial Relations Commission, claimant sought to introduce "newly discovered" evidence. This evidence consisted of "corrected" histories of claimant's injury added to the records of Drs. Liebhaber and Kinkeade. The corrected histories coincided with claimant's testimony and were purportedly made by the doctors after having refreshed their respective memories by consultation with claimant. On December 20, 1991, the Commission denied this application to submit additional evidence. On May 4, 1992,

the Commission affirmed the denial of compensation and adopted the award of the ALJ.

We are required to affirm an award of the Commission unless the Commission acted without or in excess of its powers, the award was procured by fraud, the facts do not support the award, or there was not sufficient competent evidence to warrant the making of the award. § 287.495 RSMo.1986. We view the evidence and any legitimate inferences drawn therefrom in the light most favorable to the decision. *Hatter v. Cleaning Service Co.*, 814 S.W.2d 951, 954 (Mo.App.1991). It is the responsibility of the Commission upon review of the entire record to determine the credibility of the witnesses, to decide the weight to be given to their testimony, to resolve conflicts therein, and to reach its own conclusion. *Phelps v. Jeff Wolk Construction Co.*, 803 S.W.2d 641, 645 (Mo.App.1991).

In his first point on appeal, claimant charges the Commission abused its discretion and acted in excess of its powers by denying his application to hear additional evidence. Review of the ALJ's award by the Commission is governed by § 287.480 RSMo.1986. Judicial interpretation of this statute holds that the hearing of additional evidence by the Commission is a matter of discretion to be disturbed only if the Commission acted arbitrarily or abused its discretion. *Modlin v. Sun Mark, Inc.*, 699 S.W.2d 5, 8 (Mo.App.1985). "The hearing of additional evidence by the Commission shall not be granted except upon the ground of newly discovered evidence which with reasonable diligence could not have been produced at the hearing before the administrative law judge." 8 C.S.R. 20–3.030(2).

The fact that the records of the two doctors contained medical histories which differed from claimant's testimony was obviously known to claimant and to his attorney before the hearing. We need not resort to the assumption that claimant knew or should have known what was in the records of the treating doctors in order to

reach this conclusion. The record before the Commission shows that two months before the ALJ hearing, the history of claimant's injury as contained in the reports of Dr. Liebhaber and Dr. Kinkeade were the subject of questions posed at a deposition. Ample opportunity existed to "correct" the doctors' records prior to the hearing. Claimant, however, chose to gamble that his testimony would be found more credible than the doctors' records. He cannot now claim to have acted diligently because his gamble has proven unwise. Nor can we say the Commission acted arbitrarily or abused its discretion in following the requirements of the Code of State Regulations.

 In his second point, claimant argues the Commission erred in admitting and relying upon the medical records of Drs. Liebhaber and Kinkeade. Certified copies of medical records are admissible in evidence in compensation proceedings. § 287.140.6 RSMo.1986. Compliance with the statute eliminates the hearsay objection to medical records, but the records or entries in them remain subject to a specific objection such as irrelevancy or an inadequate source of information. *See, Asbridge v. General Motors Corp.,* 797 S.W.2d 775, 779 (Mo.App.1990). Claimant objected to the admissibility of the records because they allegedly contained erroneous information. The Missouri Supreme Court has noted that entries in medical records should not be considered to be conclusive evidence. *Baugh v. Life & Casualty Ins. Co. of Tennessee,* 307 S.W.2d 660, 665 (Mo. 1957). Rather, the *Baugh* court held the evidentiary value of medical records is to be weighed by the finder of fact, along with the other facts and circumstances, who may either believe or disbelieve the facts disclosed in the medical records. *Id.* Whether the two doctors correctly took down the history goes to the weight and value to be given to the records, not to their admissibility, and we may not substitute our judgment for that of the Commission on a matter of credibility. *Roberts v. Sharp Brothers Constr. Co.,* 599 S.W.2d 91, 93 (Mo.App.1980). Point denied.

In his third, fourth and fifth points, claimant alleges the Commission erred in denying an award because the facts found by the Commission do not support the award or because there was insufficient competent evidence in the record to warrant the making of the award. The evidence before the Commission including the medical records of Drs. Liebhaber and Kinkeade was competent. The Commission was free to believe or disbelieve the statements in the medical records as well as claimant's testimony. The Commission found the medical records of Drs. Liebhaber and Kinkeade were directly at odds with claimant's evidence and testimony and that the greater weight of credible evidence supported the conclusion that claimant did not suffer a work related injury. The facts found by the Commission support the denial of compensation, and there is sufficient competent evidence to deny claimant's claim. Claimant's final points are denied.

The judgment of the Labor and Industrial Relations Commission is affirmed.

CRANE and CRAHAN, JJ., concur.