Pearl Sue MEYER, Appellant,

v.

SUPERIOR INSULATING TAPE, Respondent.

No. 64698.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 23, 1994.

Harry James Nichols, St. Louis, for appellant.

Timothy M. Tierney, Evans and Dixon, St. Louis, *for respondent.*

SIMON, Presiding Judge.

Pearl Sue Meyer, employee, appeals from the Labor and Industrial Relations Commission's (commission) award affirming the Administrative Law Judge's (ALJ) award to appellant in her workers' compensation claim against Superior Insulating Tape, employer.

In her three points on appeal, employee claims the commission erred in: (1) affirming the ALJ's exclusion of employee's exhibits A, B, E, and F; (2) failing to find that employer is responsible for the unpaid costs associated with past due medical expenses incurred as a direct consequence of employee's work-related accident and injuries; and (3) failing to find that the employee's temporomandibular joint pain and resulting headaches were causally related to the employee's work-related accident. We affirm.

On February 10, 1986, employee was working for employer, a manufacturer of pressure sensitive tape. Employee was standing at the controls of a forklift and operating it. She was removing empty skids from the racks and stacking them. The forklift was moving quickly as she was aligning the forklift to remove an empty skid above her head, and she was caught "under the rail of the rack that was behind" her. She then was "mashed" between the forklift and "the arm railing" at her lower rib cage and across her back. Subsequently she fell on the concrete floor.

An injury report dated February 12, 1986 was filed with the Division of Workers' Compensation stating that she suffered "[c]ontusion abrasions, [and] sprain of back and chest wall." On August 26, 1986, employee filed a claim for compensation with the Division of Workers' Compensation asserting that while in the course of her regular employment, she was caught between a forklift and a railing injuring her "ribs, back and body." Employer and Amerisure Insurance Co., employer's insurer, filed an answer on September 18, 1986 denying that employee sustained any disability related to or the result of any accidental injury as contemplated under the law.

On March 25, 1991, employee filed an "amended" claim for compensation asserting the same allegations as in her original claim. Employer and its insurer filed an answer admitting that employee sustained accidental injury on February 10, 1986 and asserting that they had provided all necessary compensation and medical benefits. Employer and insurer also denied employee's allegations contained in her "Amended Claim for Compensation."

On June 8, 1992, the ALJ conducted a hearing, at which employee attempted to introduce into evidence: a cover letter and a bill from Dr. Anthony J. Sciortino, D.C., a treating physician, as exhibit A; another bill from Dr. Sciortino as exhibit B; a narrative report of Dr. John A. Haden, D.D.S., as exhibit E; a narrative report of Dr. J.H. Morrow, D.O., as exhibit F; and a narrative report by Dr. Sciortino, as exhibit G.

The letter from Dr. Sciortino offered by employee as part of exhibit A states:

From the desk of ...

Dr. Anthony J. Sciortino

July 23, 1986

[Employee's Attorney]

To Whom It May Concern:

Enclosed please find a signed lien letter for a Mrs. Pearl Meyer regarding her accident of 2/10/86.

The lien has been signed by the patient. Please sign the lien and return in the self-addressed, stamped envelope enclosed. I have also enclosed a copy of the lien for your records.

Please contact this office by phone or in writing if records or a narrative report is needed.

Thank you,

/s/ Jean Sgroi

Additionally, the following was written on the same letter:

As of 7/87 $2,150.00

The bill to employee offered as part of exhibit A states in pertinent part:

Dr. Anthony J. Sciortino, Ltd.

Chiropractor

\*\*\*\*\*

April 27, 1987

\*\*\*\*\*

FOR PROFESSIONAL SERVICES

| | |
|---|---|
| PREVIOUS BALANCE DUE: | $1550.00 |
| OFFICE VISITS: Chiropractic manipulation @ | $25.00 |
| ADJUNCT THERAPY: Intersegmental traction @ | $15.00 |
| November 28, December 4, 18, 1986. January 2, 17, 31 February 14, 28, March 24, 27, April 10, 24, 1987 | |
| (12) visits @ $40.00 | $480.00 |
| TOTAL CHARGES DUE THIS OFFICE: | $2030.00 |

The bill from Dr. Sciortino offered as exhibit B states in pertinent part:

Dr. Anthony J. Sciortino, Ltd.

Chiropractor

\*\*\*\*\*

FOR PROFESSIONAL SERVICES

| | |
|---|---|
| BALANCE DUE: 1986 & 1987 | $2150.00 |
| BALANCE DUE: 1990 | $1975.00 |

Dear [Employee]: Please call this office regarding your balances due and the status of your workman compensation claim at this time.

Thank You

When employee attempted to introduce exhibits A & B as evidence, the following colloquy transpired:

[ALJ]: All right gentlemen, let's see if we can get the exhibits taken care of.

On behalf of the [employee], Exhibit A, are there any objections to the admissibility of Dr. Sciortino's cover letter and bill?

[Employer's and insurer's attorney]: The employer and insurance [company] objects to Dr. Sciortino's cover letter and bill that it is blatant hearsay and additionally there has been no offer of the authenticity of the document testimony of the custodian of records. An inadequate foundation has been laid for its entry.

[Employee's attorney]: Your Honor, I think it represents a statement that has been given to my client and I think it has been substantiated by her testimony and should be admissible in evidence. And the same statements I am making here would apply to Exhibit B. They practically are the same thing.

[Employer's and insurer's attorney]: As would the statements of the employer and insurer. And I would add that the document itself may have been testified to by the employee. There has been no substantiation of any relationship between the prior accident and the treatment that was rendered as represented by the figure set forth in those statements and there has

been no offer of any medical records to the employer and insurer or to this court.

[ALJ]: I will hold in abeyance my rulings on A and B and because that ruling will be encompassed in the, in the allowing the objection to the questions about Dr. Sciortino's treatment.

[Employee's attorney]: All right.

Subsequently, the ALJ in her findings of fact and rulings of law sustained employer's and insurer's objections to employee's exhibits A and B stating:

> The objections by [employer and insurer] to the admission of [employee's] Exhibits A and B are sustained. These exhibits purport to be the bills of Dr. Sciortino for treatment rendered [employee] as a result of this injury. I find that an inadequate foundation was laid as to their admissibility based on the requirements of *Martin v. Mid America Farms Inc.*, 769 S.W.2d 105 (Mo. banc 1989) i.e. the bills must relate to the professional services rendered as shown by the medical records in evidence. There were no medical records in evidence at the hearing to substantiate the treatment which the bills represent.

Employee also submitted a deposition of Dr. Jacques Paul Schaerer, M.D. Dr. Schaerer found employee's disability rating as 25% as a whole based entirely on her low back, and subsequently estimated her overall disability to be about 30% as a whole based upon the low back, neck, shoulders, and temporomandibular joint findings. Dr. Schaerer provided no rating of disability for her temporomandibular joint.

In her application for review to the commission, employee stated in pertinent part:

> ... Employee submits that [the ALJ] erred in failing to overrule Employer/Insurer's objection to Employee's Exhibits A & B, respectively; said objection having been based on the seven-day rule.

■ Appellate review of a workers' compensation case is limited to reviewing the award of the commission, rather than that of the ALJ. *Dillon v. General Motors*, 784 S.W.2d 915, 916[1, 2] (Mo.App.1990). The scope of review is controlled by the rule that awards of the commission which involve the interpretation or application of law, as distinguished from the determination of the facts, are not binding upon the appellate court and fall within its province of review and correction. *White v. Dallas & Mavis Forwarding Co. Inc.*, 857 S.W.2d 278, 280[1] (Mo.App. 1993).

■ In her first point, appellant contends the commission erred in affirming the ALJ's exclusion of appellant's exhibits A, B, E, and F, respectively, as a matter of law. Appellant argues that employer premised its objections to exhibits A and B "upon hearsay relative to the seven-day rule," § 287.210.3 R.S.Mo.Cum.Supp.1993. Employee correctly points out this court stated in *Glickert v. Soundolier, Inc., et al.*, 687 S.W.2d 674 (Mo. App.1985) that the seven-day rule does not apply to evidence concerning fees. *Id.* at 677[4].

The record indicates employer objected to exhibits A and B on the grounds that: they are hearsay; employee did not make an offer of authenticity of the document testimony by the custodian of records; there was no substantiation of any relationship between the prior accident and the treatment that was rendered as represented by the figures set forth in exhibits A and B; and there was no offer of any medical records to the employer and insurer or to the ALJ.

In *Martin v. Mid–America Farm Lines, Inc.*, 769 S.W.2d 105 (Mo. banc 1989), our Supreme Court stated that "when [employee] testimony accompanies the bills, which the employee identifies as being related to and the product of her injury, and when the bills relate to the *professional services rendered as shown by the medical records in evidence*, a sufficient factual basis exists for the commission to award compensation." *Id.* at 111–12[7] (emphasis added).

The record indicates employee testified that Dr. Sciortino treated her and that she had received bills from him for these treatments. However, the record indicates employee did not offer Dr. Sciortino's medical records as evidence, thus, employee has not shown that Dr. Sciortino's bills relate to the professional services rendered by Dr. Sciortino. *See id.*

Appellant also argues that employer premised its objections to exhibits E and F "upon hearsay relative to the seven-day rule." § 287.210.3 R.S.Mo.Cum.Supp.1993. Appellant asserts that the commission erred in affirming the ALJ's exclusion of these exhibits because employer had possession of exhibit E over one year and exhibit F over five years prior to the hearing before the ALJ.

■ Our Supreme Court has ruled that all provisions of the Workers' Compensation Act shall be liberally construed, that substantial compliance shall be sufficient, and that omissions of a technical nature shall not be fatal. *Abrams v. Ohio Pacific Express*, 819 S.W.2d 338, 342[6] (Mo. banc 1991). An application for review is necessary in order to appeal an ALJ's award in a workers' compensation case. § 287.480 R.S.Mo.1986; 8 CSR 20–3.030(1). 8 CSR 20–3.030 states:

(3) Applications and Briefs.

(A) An applicant for review of any final award, order or decision of the administrative law judge shall state *specifically* in the application the reason the applicant believes the findings and conclusions of the administrative law judge on the controlling issues are not properly supported. ....

(Emphasis added.) We review employee's application for review in light of a favorable construction of 8 CSR 20–3.030(3)(A). *Isgriggs v. Pacer Industries*, 869 S.W.2d 295, 296[1, 2] (Mo.App.1994).

Here, employee stated in her application for review to the commission that the ALJ erred in failing to overrule employer's objections to exhibits A and B, respectively. In her application for review by the commission, employee did not request review of the ALJ's sustaining of employer's objections to exhibits E and F.

■ In her brief, employee states that she attached to her brief to the commission letters to employer and its insurer "introducing" them to exhibits E and F, however, employee's brief to the commission is not part of the record on appeal. Where a document is not part of the record on appeal, we will not include the document in our review. *Baugh v. State*, 870 S.W.2d 485, 490[2] (Mo. App.1994). Thus we will not include her brief to the commission in our review.

■ Construing 8 CSR 20–3.030(3)(A) liberally, we cannot find that employee substantially complied with the regulation because she failed to specifically state she was appealing the exclusion of exhibits E and F. Further, her apparent omission of her appeal from the ALJ's exclusion of exhibits E and F was not of a technical nature because the commission did not have the issue of the exclusion of E and F before it. Since we review the award of the commission, we will not convict it of error where the issue was not before it.

Finally, in the argument section of her brief, appellant contends the ALJ did not admit or exclude exhibit G from evidence during the hearing or in the award, and that commission erred as a matter of law in not finding that the ALJ should have admitted exhibit G.

Again, for the same reason as stated above, we will not convict the commission of error where the issue was not before it. Point denied.

■ In her second point, employee claims the commission erred in failing to find that the employer is responsible for the unpaid costs associated with past due medical expenses incurred as a direct consequence of the employee's work-related accident and injuries. Employee opines that under *Martin, supra*, the following burdens were on employee: (1) that there be testimony that the visits to Dr. Sciortino were the product of her work-related injuries; (2) that such testimony accompany the bills for these visits; (3) that the employee identify said bills as being related to and the product of her injury; and (4) that said bills relate to the professional services rendered. Employee asserts that she has met each burden.

Employee misstates the burdens imposed by *Martin*. *Martin* states that when employee testimony accompanies the bills, which the employee identifies as being related to and the product of her injury, and when the bills relate to the *professional services rendered as shown by the medical records in evidence*, a sufficient factual basis exists for the commission to award compensation. 769 S.W.2d at 112[7]. Employee failed to show that her bills related to Dr.

Sciortino's professional services rendered because Dr. Sciortino's medical records were not in evidence. Point denied.

In her third point, employee maintains that the commission erred in failing to find that the employee's temporomandibular joint pain and resulting headaches were causally related to the employee's work-related accident.

 Employee has the burden of proving not only that an accident occurred and that it resulted in injury, but also that a disability resulted, and the extent of the disability. *Hawkins v. Emerson Electric*, 676 S.W.2d 872, 877[1] (Mo.App.1984). Although employee is not required to prove all elements to an absolute certainty, she must establish all elements to a reasonable probability. *Ellis v. Western Electric Co.*, 664 S.W.2d 639, 642[4] (Mo.App.1984).

 Here, the record indicates employee offered Dr. Schaerer's deposition testimony as evidence. Dr. Schaerer provided no rating of disability for her temporomandibular joint, thus employee has not carried her burden of proving the extent of her disability. *See Hawkins*, 676 S.W.2d at 877[1]. Point denied.

The award of the commission is affirmed.

PUDLOWSKI and AHRENS, JJ., concur.