**Gerald D. GANDER, Appellant,**

v.

**SHELBY COUNTY, Missouri, Respondent.**

No. 70131.

Missouri Court of Appeals, Eastern District, Northern Division.

Nov. 12, 1996.

Steven E. Raymond, Shelbyville, for appellant.

Brian J. Fowler, Kansas City, for respondent.

RHODES RUSSELL, Judge.

Gerald D. Gander ("claimant") appeals the decision of the Labor and Industrial Relations Commission ("commission") in his workers' compensation case. Claimant filed his claim November 1, 1990, alleging that he suffered a heart attack on March 26, 1988, in the course of his employment as sheriff for Shelby County ("employer"). The Division of Workers' Compensation denied claimant compensation as he failed to provide timely notice to employer and failed to file his claim within the two year statute of limitations.

Claimant filed an Application for Review with the commission and moved to present additional evidence. The motion was denied and the commission affirmed the decision by adopting the administrative law judge's ("ALJ") findings. Claimant appeals. Having reviewed the whole record, we affirm the commission's decision.[1]

On the day of claimant's heart attack, he had been involved in a confrontation with some inmates at the jail. Claimant was hospitalized later that day and diagnosed as having suffered a heart attack. He was transferred to a Columbia, Missouri hospital where he underwent quadruple bypass surgery.

In reviewing decisions of the commission, this court reviews the evidence in the light most favorable to the decision of the commission and upholds the decision if it is supported by competent and substantial evidence on the whole record. *Carter v. Frito–Lay*, 913 S.W.2d 341, 342 (Mo.App.1995). Factual questions are for the commission and

---

1. Taken with the appeal is employer's motion to strike certain pages from claimant's brief in which claimant attached documents in an appendix which were not evidence before the ALJ nor the Commission. Documents which are not part of the record on appeal cannot be included in our review. *Baugh v. State*, 870 S.W.2d 485, 490 (Mo.App.1994). These documents were not before the ALJ nor the commission. We grant the motion and will not include them in our review.

we may not substitute our judgment on issues of fact even if we would have made a different determination. *Silman v. William Montgomery & Assocs.*, 891 S.W.2d 173, 175 (Mo.App.1995).

 Claimant's first point on appeal is that the commission erred in denying his motion to present additional evidence. The hearing of additional evidence by the commission is a discretionary decision and will be overturned only if the commission acted arbitrarily or abused its discretion. *Schneider v. Ashburn/Schneider Painting*, 849 S.W.2d 271, 273 (Mo.App.1993). In addition, "[t]he hearing of additional evidence by the commission shall not be granted except upon the ground of newly discovered evidence which with reasonable diligence could not have been produced at the hearing before the administrative law judge." 8 C.S.R. 20-3.030(2).

In his motion to present additional evidence, claimant sought to introduce two local newspaper articles dated March 30, 1988, and a publisher's affidavit, stating that claimant had suffered a heart attack and was hospitalized. Claimant attempted to supplement the record with the newspaper articles to show that employer had notice of his heart attack. Nowhere did claimant state that the newspaper articles were unavailable to be presented at the October 12, 1994, workers' compensation hearing.

Claimant had approximately six and one-half years to prepare this evidence for the hearing. Instead of asserting that the newspaper articles were newly discovered evidence, claimant argued that he did not introduce the articles as evidence before the ALJ because the articles were cumbersome. The newspaper articles were not newly discovered evidence which could not have been produced at the hearing. Obviously, it was not too cumbersome for claimant to introduce two photocopied pages of the articles to the commission. The commission did not abuse its discretion in refusing claimant's request to present additional evidence. Point one is denied.

 Claimant's second and third points on appeal maintain that the commission erred in denying his claim by finding that he failed to provide written notice and failed to file the claim within the two year statute of limitations. Claimant argues that the substantial and competent evidence demonstrated that employer had actual notice of his injury from the local newspaper and other county employees and, therefore was not prejudiced by claimant's failure to comply with the written notice requirement. Claimant also asserts that since employer did not properly file an injury report required by § 287.380, RSMo 1994 [2], the applicable statute of limitations was three years. We disagree.

 Section 287.420 provides that an employee who suffers a compensable injury must give written notice of the time, place and nature of injury, and the name and address of the person injured, to the employer no later than thirty days after the occurrence. *Hall v. G.W. Fiberglass*, 873 S.W.2d 297, 298 (Mo.App.1994). The purpose of the notice requirement is to enable the employer to minimize injury by providing medical diagnosis and to facilitate timely investigation of facts surrounding the injury. *Hannick v. Kelly Temporary Servs.*, 855 S.W.2d 497, 499 (Mo.App.1993).

 The lack of timely written notice is excused when there is actual notice to the employer. *Hall*, 873 S.W.2d at 298. The claimant has the burden of showing that the employer was not prejudiced from not receiving notice within thirty days. *Willis v. Jewish Hosp.*, 854 S.W.2d 82, 85 (Mo.App.1993). A prima facie case of no prejudice to the employer is made if the claimant demonstrates that the employer had actual notice of the injury. *Hall*, 873 S.W.2d at 298. The issue of whether the claimant has provided the employer with actual notice of a compensable injury is a question of fact to be determined by the Labor and Industrial Relations Commission. *Weniger v. Pulitzer Publishing Co.*, 860 S.W.2d 359, 361 (Mo.App.1993).

Here, the evidence showed that claimant did not give employer written notice within thirty days required by § 287.420. In fact,

**2.** All citations are to the 1994 Revised Statutes of Missouri unless otherwise indicated.

claimant did not give employer notice that he was claiming his heart condition was work related until some two years and eight months later. Claimant, however, contends that the statements contained in the newspaper articles, which were not received into evidence, and the knowledge of other county employees that he had suffered a heart attack, gave employer actual notice of a compensable injury.

The newspaper articles, even if received into evidence, would not support claimant's contention that employer had actual notice of a potentially compensable injury. An employer is not required to read periodicals to ascertain if its employees have experienced work related injuries. Further, the newspaper articles did not state that claimant's heart attack was in any way associated with his employment so as to give employer actual or constructive notice of the claim.

Claimant cites *Smith v. Plaster*, 518 S.W.2d 692 (Mo.App.1975), for the proposition that employer had notice of his heart attack. In *Plaster*, the employee suffered a heart attack while working a construction job. The employer argued that the employee's claim was barred since it had not received the required statutory written notice. The Southern District Court of Appeals found that employer had actual notice of employee's heart attack because the evidence showed that employee's supervisor was aware that employee suffered a heart attack on the job and that employee's wife telephoned the employer inquiring about possible compensation. *Id.* at 699.

■ The present case is distinguishable from *Plaster*. Here, there was no evidence that employer had notice that claimant suffered a heart attack in connection with his employment. Claimant asserts that employer knew that he suffered a heart attack while at the jail as he told the dispatcher he was going home because he was sick. Unlike *Plaster*, the dispatcher did not witness claimant suffer the heart attack. The dispatcher was merely informed that claimant did not feel well. This evidence did not disclose whether or not claimant suffered a heart attack at work. *cf. Malcom v. La–Z–Boy Midwest Chair Co.*, 618 S.W.2d 725, 727 (Mo.

App.1981) (employee gave sufficient notice that he sustained an injury at work where he told foreman his back was hurting and foreman responded "You are using muscles you didn't know you had," indicating foreman thought employee's pain was related to his work).

There was additional testimony that employer was not aware that claimant's heart attack was work related. The county clerk, the official responsible for filing injury reports, testified that although he was aware that claimant had suffered a heart attack, he was not aware it happened while claimant was on the job. He also testified that the county did not receive notice that claimant was claiming his condition as work related until shortly after the claim was filed with the Division of Workers' Compensation.

In his treatise on workers' compensation, Arthur Larson states that:

[i]t is not enough, however, that the employer, through its representatives, be aware that the claimant "feels sick," or has a headache, or fell down, or walks with a limp, or has a pain in his back, or shoulder, or is in the hospital, or has a blister, or swollen thumb, or has suffered a heart attack. There must in addition be some knowledge of accompanying facts connecting the injury or illness with the employment, and indicating to a reasonably conscientious manager that the case might involve a potential compensation claim.

2B A. Larson, *The Law of Workmen's Compensation* § 78.31(a)(2).

We conclude that the commission's finding that employer did not receive actual notice of claimant's potential claim until November 1990 was supported by the competent and substantial evidence on the record as a whole.

■ In addition to failing to provide written or actual notice, claimant failed to show that employer was not prejudiced by the lack of notice. The reasoning behind providing notice to the employer is to give it the opportunity for timely investigation. *See Willis*, 854 S.W.2d at 85. Since claimant failed to provide notice, employer was not given a

chance to timely investigate claimant's heart attack and was thereby prejudiced.

█ Claimant also asserts that the commission erred by finding that he failed to comply with the statute of limitations. Claimant contends that the normal two year statute of limitations period is inapplicable because employer failed to file a timely injury report required by § 287.380. We disagree.

Generally, a workers' compensation claim must be filed within two years after the injury date. § 287.430. An employer is required to notify the division "within ten days after knowledge of an accident resulting in personal injury to any employee" and file with the division a report of injury within one month. § 287.380. If an employer fails to file the injury report as mandated by § 287.380, the time to file a workers' compensation claim is extended to three years after the date of the injury. § 287.430.

Employer did not file a report of injury until November 12, 1990, two years and eight months after claimant's heart attack. Employer, however, did not have notice that claimant's heart attack was a potentially compensable injury until November 6, 1990.

In *Weniger,* this court found that the two year statute of limitations, rather than the three year statute of limitations, was applicable to a workers' compensation claim where the employer did not have notice of employee's injury, despite the employer's failure to file a report of injury. 860 S.W.2d at 362. Section 287.380 states that the employer's duty to file a report of injury is activated only after the employer acquires knowledge of the personal injury. The three year statute of limitations of § 287.430 applies to cases where the employer fails to file the report of injury after acquiring notice.

Since employer did not have notice that claimant's heart attack was a potentially compensable injury, the two year statute of limitations under § 287.430 is applicable. Claimant's heart attack was on March 26, 1988. Claimant, however, did not file his claim until November 1, 1990. The commission's finding that claimant's claim was barred by the statute of limitations was sup-ported by competent and substantial evidence on the whole record. Points two and three are denied.

█ In his fourth and final point on appeal, claimant asserts that the commission erred in finding that his claim was barred by the statutory notice and statute of limitations requirements because his heart attack was in the nature of an occupational disease.

As an occupational disease, claimant argues that the notice and statute of limitation periods did not begin to run until he was medically advised that his heart attack was an occupational disease caused by his work. Claimant asserts that he filed his claim within a month of discovering that his heart condition was an occupational disease. Claimant also asserts that the statute of limitations was extended from two to three years because employer failed to file an injury report required by § 287.380.

In a workers' compensation case, an application for review is necessary in order to appeal an ALJ's award. § 287.480 R.S.Mo.; 8 CSR 20–3.030(1). The Code of State Regulations provides that

an applicant for review of any final award, order or decision of the administrative law judge shall state *specifically* in the application the reason the applicant believes the findings and conclusions of the administrative law judge on the controlling issues are not properly supported.

8 CSR 20–3.030(3). (emphasis ours).

Claimant's only mention of occupational disease in his Application for Review is "employee's injury is in the nature of an occupational disease for which no notice to employer is required." Claimant did not assert in his Application for Review, however, that the ALJ erred by finding that he failed to comply with the statute of limitations and notice requirements for an occupational disease.

█ Claimant now asserts that the statute of limitations did not begin to run until his doctor told him in October 1990 that his heart attack was work related. This evidence, however, was not before the ALJ nor the commission. Instead, this evidence was for the first time raised in claimant's brief to

us. Where a document is not part of the record on appeal, we will not include the document in our review. *Meyer v. Superior Insulating Tape,* 882 S.W.2d 735, 739 (Mo. App.1994).

We do not believe the issue of occupational disease and the corresponding three year statute of limitations was before the ALJ nor the commission. Claimant's stance throughout the administrative proceedings was that his heart attack was an injury that occurred on March 26, 1988, in which his employer had actual notice. Claimant did not specifically apprise the commission that he was appealing the issue of occupational disease and the appropriate statute of limitations. In addition, there was no evidence before the ALJ nor the commission that claimant was medically advised in October 1990 that his heart attack might be an occupational disease. All of these issues are brought up for the first time on appeal to us. Because our review is limited to the award of the commission, we will not convict it of error where the issue was not before it. *Meyer,* 882 S.W.2d at 739. Point denied.

The judgment of the commission is affirmed.

AHRENS, C.J., and DOWD, J., concur.