

## Missouri Court of Appeals
### Southern District
### Division One

| | | |
|---|---|---|
| CINDY A. ROWE, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No. SD36275 |
| | ) | |
| SOUTHEAST MISSOURI RESIDENTIAL | ) | FILED: May 26, 2020 |
| SERVICES, SOUTHEAST MISSOURI | ) | |
| HOSPITAL, AND TREASURER OF THE | ) | |
| STATE OF MISSOURI AS CUSTODIAN | ) | |
| OF THE 2nd INJURY FUND, | ) | |
| | ) | |
| Respondents. | ) | |

### APPEAL FROM THE LABOR AND INDUSTIRAL RELATIONS COMMISSION

**REVERSED AND REMANDED**

Cindy A. Rowe filed a worker's compensation claim against her employer, the State of Missouri, Southeast Missouri Residential Services ("Employer"), and the Second Injury Fund (the "Fund") (sometimes collectively referred to as "Respondents"). That claim was denied by written decision of an Administrative Law Judge ("ALJ") following an evidentiary hearing.

Rowe filed an Application for Review of that denial with the Labor and Industrial Relations Commission ("Commission"). While her application was pending before the Commission, Rowe filed with the Commission a series of four motions to submit additional evidence, as provided in 8 CSR 20-3.030(2), on February 27, 2019, April 5, 2019, April 9, 2019, and May 10, 2019, respectively.

1

On July 25, 2019, the Commission issued its "Final Award Denying Compensation (Affirming Award and Decision of Administrative Law Judge with Supplemental Opinion)." In its award, the Commission explicitly identifies, addresses, and denies Rowe's first three motions to submit additional evidence, but does not mention or address her fourth motion filed on May 10, 2019. Rowe timely appeals the Commission's award.

Rowe's first point relied on in this appeal claims that the Commission erred in issuing its award without considering and ruling upon her May 10, 2019, motion to submit additional evidence, as required by 8 CSR 20-3.030(2)(B). We agree. Before we can address Rowe's first point, however, we are required to address and discuss the record on appeal and the Commission's role in its preparation, certification, and return to this Court.

### The Record on Appeal

"Documents which are not part of the record on appeal cannot be included in our review." *Gander v. Shelby County*, 933 S.W.2d 892, 894 n. 1 (Mo.App.1996); *Meyers v. Southern Builders, Inc.*, 7 S.W.3d 507, 512 n. 6 (Mo.App.1999). "The only record we may consider is the record certified by the Commission as containing all documents and papers on file in the matter, together with a transcript of the evidence, the findings and award." *Porter v. Emerson Elec. Co.*, 895 S.W.2d 155, 161 (Mo.App.1995); *see also* § 287.495.1; *Wright v. Sports Ass'd, Inc.*, 887 S.W.2d 596, 598 (Mo. banc 1994); *Causey v. McCord*, 763 S.W.2d 155, 156 (Mo.App.1988).

*Miller v. Penmac Pers. Services, Inc.*, 68 S.W.3d 574, 578 (Mo.App. 2002).[1]

An appeal of the Commission's final award in a workers' compensation case is governed by section 287.495.1 RSMo (2016), which provides, in relevant part:

Such appeal may be taken by filing notice of appeal with the commission, whereupon *the commission shall, under its certificate, return to the court all documents and papers on file in the matter, together with a transcript of the evidence, the findings and award, which shall thereupon become the record of the cause.* Upon appeal no additional evidence shall be heard and, in the absence of

---

[1] We cite several cases overruled by *Hampton v. Big Boy Steel Erection*, 121 S.W.3d 220 (Mo. banc 2003). These cases are cited in support of principles of law not otherwise implicated by the *Hampton* ruling. *Id.* at 224–32.

2

fraud, the findings of fact made by the commission within its powers shall be conclusive and binding.

Section 287.495.1 (emphasis added).

Rule 100.02 generally governs judicial review of administrative decisions in appellate courts.[2] Subsection (e) of that rule provides, in relevant part, that "The record shall consist of: (1) A transcript of the testimony; (2) Exhibits and relevant papers; (3) Rulings, orders, decisions, findings of fact and conclusions of law issued by the agency." Rule 100.02(e). Subsection (f) provides, in pertinent part, that "The transcript shall be certified by the commission's reporter as true and accurate. The remaining part of the record shall be prepared and certified by the commission as being true, accurate, and complete." Rule 100.02(f).

Here, the transcript, as listed in subsection (e)(1) of Rule 100.02, and its certification by the Commission's reporter, as specified in the first sentence of subsection (f) of that rule, are not an obstacle to resolving this appeal. Rather, it is the Commission's omission of "relevant papers," as listed in subsection (e)(2) of Rule 100.02, from the preparation and certification of "[t]he remaining part of the record," as required by the second sentence in subsection (f) of that rule, that has created such an obstacle. Navigating around it dictates that we examine the requirements of both section 287.495.1 and Rule 100.02 and apply those requirements to the preparation and certification of the record in this case.

Excluding the transcript as listed in subsection (e)(1) of Rule 100.02 and its certification as specified in the first sentence of subsection (f) of that rule, "[t]he remaining part of the record" as used in the second sentence of subsection (f) refers to and includes all of the other contents of the record listed in the preceding subsection (e)—exhibits, relevant papers, rulings, orders, decisions, and findings of fact and conclusions of law issued by the agency. Rule 100.02(e). As

---

[2] All rule references are to Missouri Court Rules (2019), unless otherwise indicated.

so defined, we hereinafter refer to "[t]he remaining part of the record" by the commonly used appellate term, the "legal file." The legal file therefore, includes "relevant papers" as listed in subsection (e)(2) of Rule 100.02. Nothing in that rule, however, specifies what constitutes "relevant papers" nor identifies who makes the relevancy determination for inclusion in that category in the context of any particular administrative appeal.

On the other hand, section 287.495.1 specifies, for an appeal under section 287.495, the Commission shall return to the appellate court as part of the record "*all* documents and papers on file in the matter[.]" (Emphasis added.) This statutory requirement does not include any qualifications, reservations, or restrictions and does not confer any discretion upon the Commission to omit any documents or papers. In the absence of any such discretion, the legislature thereby rendered the Commission's compliance with this statute, in returning those documents to the appellate court, a ministerial duty.[3]

The all-inclusive and ministerial nature of this section 287.495.1 mandate to the Commission evinces a legislative intent and purpose for the legal file to play a role in providing transparency and accountability for Commission decisions on appeal without the necessity for any party or the reviewing court to take any action whatsoever. When the Commission properly fulfills the ministerial duty under section 287.495.1, the parties to an appeal and the reviewing court can have confidence in and rely upon the legal file containing *all* documents and papers in the matter on file with the Commission and, conversely, that any document or paper not contained in the legal file was not filed with the Commission in the matter and should not and

---

[3] "A ministerial duty is 'of a clerical nature which a public officer is required to perform upon a given state of facts, in a prescribed manner, in obedience to the mandate of legal authority, without regard to his own judgment or opinion concerning the propriety of the act to be performed.'" ***State ex rel. Kansas City Power & Light Co. v. McBeth***, 322 S.W.3d 525, 531 (Mo. banc 2010) (quoting ***Rustici v. Weidemeyer***, 673 S.W.2d 762, 769 (Mo. banc 1984)).

cannot be considered in the appeal. Such a legal file affords the parties and the reviewing court the opportunity to identify, argue, consider, and determine[4] which documents filed with the Commission are necessary for consideration to address the issues to be raised or actually raised in the appeal. In this sense of defining the universe of documents and papers for consideration, all documents and papers on file in the matter with the Commission are "relevant papers" in an appeal. On the other hand, when the Commission fails to fulfill those duties and only includes in the legal file a subset of the documents and papers on file in the matter of its own choosing, it usurps and defeats the parties' and the reviewing court's ability to determine which documents filed with the Commission are necessary and applicable to the issues on appeal. The Commission's selective inclusion of documents in the legal file also frustrates the transparency and accountability purposes underlying section 287.495.1, creates the appearance that the Commission is concealing information possibly relevant to the review process, unfairly impacts and hinders the appellate review process and undermines the parties', the reviewing court's and the public's confidence that the Commission's challenged decision can withstand a fair review based on the whole record.

The section 287.495.1 "*all* documents and papers on file in the matter" inclusion in the legal file is specifically applicable to appeals under section 287.495, while the "relevant papers" inclusion in the legal file contained in Rule 100.02(e)(2) is more generally applicable in all appeals of administrative decisions. In that context, and reading both harmoniously, we conclude that for appeals under section 287.495 the specific inclusion of "*all* documents and

---

[4] Neither the Commission nor any party has made this Court aware that the Commission maintains and makes available to all parties a document containing a complete summary of all events in the case similar to a docket sheet, which is maintained by the circuit courts in each case and published on Case.net. In appeals from the circuit courts, the docket sheet is required to be included as the first document in the legal file. Rule 81.12(b). Trying to identify and determine which documents and papers are necessary to the determination of all questions to be presented or actually presented in an appeal without the aid of a docket sheet or similar summary of case events would be an extremely difficult, if not impossible, task.

papers on file in the matter" in the legal file is synonymous with the Rule 100.02(e)(2) general inclusion of "relevant papers."

While section 287.495.1 obligates the commission to return the legal file to the appellate court "under its certificate," it does not specify the contents of that certificate. Rule 100.02(f), however, specifies the certificate contents by providing that the legal file "shall be prepared and certified by the commission as being true, accurate, and complete." Therefore, the Commission is required by Rule 100.02(f) to provide a certificate to the appellate court that the legal file, as filed in the appellate court, is "true, accurate, and complete," which means, in the context of the Commission's ministerial duty under section 287.495.1, that the legal file contains true and accurate copies of "all documents and papers on file in the matter…, the findings and award."

Here, within a week after Rowe filed her notice of appeal, the Commission filed with this Court eleven documents consisting of 52 pages and the transcript consisting of 154 pages. This filing was accompanied by the Commission's certification that these documents "constitute the true and complete record *reviewed by the Commission* in this matter and are hereby forwarded to the Court of Appeals as provided by law." (Emphasis added.) These documents, however, did not include any of Rowe's motions to submit additional evidence.

Thereafter, Rowe timely filed her opening brief challenging, in her first point, the Commission's suppression, by its failure to consider and rule upon, her fourth motion to submit additional evidence. Employer and the Fund thereafter timely filed their responding briefs. The Employer responded: "[Rowe] further asserts the Commission suppressed a fourth motion to admit additional evidence; however, [Rowe] does not provide any citation to the record nor attach a copy of this fourth motion. Therefore, Employer is unable to address the merits of her argument regarding this specific motion." The Fund responded: "There is no fourth motion in

6

the record and Employee did not offer a copy of the purported motion with her appeal. Consequently, the Fund cannot respond to the issue other than to note there is no evidence to support her contention it was suppressed." Neither Employer nor the Fund cited any legal authority for their propositions that Rowe could have proffered a copy of her fourth motion to submit additional evidence to this Court in this appeal even though it was not in the record. Similarly, neither addressed why or how Rowe could have circumvented the line of cases holding that "Documents which are not part of the record on appeal cannot be included in our review." *Miller*, 68 S.W.3d at 578; *Gander*, 933 S.W.2d at 894 n.1; *Meyers*, 7 S.W.3d at 512 n.6.

Rowe thereafter filed a motion to supplement the record seeking an order of this Court directing the Commission to supplement the record on appeal by including her four motions to submit additional evidence. Observing that in its final award the Commission explicitly denied Rowe's first three motions to submit additional evidence and that those motions were omitted in the legal file previously filed by the Commission with this Court, we issued an order to show cause to the Commission.[5] That order gave the Commission 15 days within which "to file written suggestions in this Court showing cause, if any, why the Court should not order the Commission to file a supplemental legal file containing the aforementioned filed motions." The Commission filed no response within the allotted time and, after its expiration, we issued our order directing the Commission "to file herein a supplemental legal file containing [Rowe's] first, second, and third motions to submit additional evidence filed with the Commission on

[5] Rule 100.02(h) provides "The appellate court may, if it deems necessary, on its own initiative or at the request of a party order the commission to prepare and file a supplemental record or the commission may be directed to send to the court any original documents or exhibits." Nothing in this rule, however, indicates that it was intended to be regularly or routinely used by parties or an appellate court for the purpose of compiling a "complete" legal file in the first instance. Particularly in a section 287.495 appeal, for the reasons set out *supra*, this rule should not have to be utilized or relied upon in an effort to pull and tease clearly relevant documents from the Commission.

February 27, 2019, April 5, 2019, and, April 9, 2019, respectively." Thereafter, the Commission filed a supplemental legal file that included the three specified motions to submit additional evidence with the certification that "the attached supplemental document [sic] is a true copy as appears on record in this matter and is hereby forwarded to the Court of Appeals as provided by law."

Rowe filed her reply briefs and in each reiterated her complaint from her opening brief that the Commission was "suppressing" her fourth motion to submit additional evidence. In addition, Rowe purported to raise in her reply brief three new claims of error each related to the Commission's denial of her first, second and third motions to submit additional evidence, respectively, which were by that time included in the record but were not at the time she filed her initial brief.

On March 30, 2020, this Court, on its own motion, took up for further consideration the matter of the record in this appeal. Observing that the Commission's certification of the legal file was expressly restricted to only those documents "reviewed by the Commission in this matter" and that its certification of the supplemental legal file with the first three motions to submit additional evidence was limited to only those documents as being a "true copy as appears on the record[,]" we issued an order giving the Commission "until April 14, 2020, to file written suggestions in this Court showing cause, if any, why the Court should not order the Commission to certify to the Court that 'all documents and papers on file in the matter, together with a transcript of the evidence, the findings and award' have been returned to the Court." The Commission did not file any suggestions in response to this order.

On its own initiative on April 1, 2020, and without any explanation, the Commission filed a second supplemental legal file containing Rowe's fourth motion to submit evidence file-

8

stamped by the Commission on May 10, 2019, with a certification "that the attached supplemental document is a true copy as appears on record in this matter and is hereby forwarded to the Court of Appeals as provided by law."

On April 16, 2020, this Court ordered the Commission to "certify to the Court, if it is accurate to do so, that the record is now "true, accurate, and complete. Rule 100.02(f); *see also* section 287.495.1 (in the context of an appeal under that section a complete record includes 'all documents and papers on file in the matter, together with a transcript of the evidence, the findings and award')." Five days later, on April 21, 2020, the Commission filed its Certificate on Appeal certifying "that the record submitted to the court is true, accurate, and complete."

In an order directed to the parties thereafter, we noted that

On April 1, 2020, after this case was fully briefed, the Commission supplemented the legal file with the fourth motion to submit additional evidence which had been filed by appellant ("the fourth motion"). On April 21, 2020 the Commission certified that the record "is true, accurate, and complete." The Court observes that the record does not explicitly identify any Commission order, as mentioned in 8 CSR 20-3.030(2)(B), either expressly granting or denying the fourth motion. In the briefs, appellant contended that she had filed a fourth motion to submit additional evidence and respondents maintained that the fourth motion was not in the record.

Accordingly, this court permitted Employer and the Fund to file written suggestions "as to the matter of the fourth motion as raised in appellant's brief" and permitted Rowe to file written suggestions replying to any suggestions filed by either Respondent concerning the fourth motion.

The Fund joined in Employer's suggestions. Those suggestions conceded "that the record is devoid of any ruling on this fourth Motion either in the Award issued by the Commission, or by separate order." Employer's suggestions, nevertheless, argued that we should ignore this omission because the fourth motion was untimely, deficient, incomplete, and "the Motion and the attached Exhibit have no bearing or impact on the ultimate issues or outcome of Employee's case." In making these arguments, Respondents rely upon (1) a

9

Commission directive that Respondents' answers to Rowe's motions to submit additional evidence could be filed separately or as part of their briefs, (2) Employer's brief that was filed with the Commission by the deadline of May 3, 2019, with its response, and (3) an exhibit attached to Rowe's fourth motion to submit additional evidence. None of these three documents, however, is included in the record filed in this Court and certified by the Commission as being "true, accurate and complete."

In her reply to Respondents' suggestions, Rowe expressed her frustration in the entire process in the following manner:

> It is an indisputable fact that the Labor and Industrial Relations Commission failed to rule upon the Appellant's fourth motion, a motion that was neither acknowledged nor addressed. The disappearance and reappearance of the Appellant's fourth motion brings credibility to the Appellant's claim of corrupt fraudulent behavior she faced throughout the Worker's Compensation process.

While Rowe's last conclusion may be hyperbolic, her frustration is real and is shared by this Court.

This brings us to five observations about the legal file as prepared, certified, and filed by the Commission in this appeal. First, the legal file initially returned to this Court by the Commission is deficient in two respects: (1) it is not complete in that it did not include, at a minimum, Rowe's four motions to submit additional evidence, as later acknowledged and confirmed by the Commission's supplemental and second supplemental legal files, and (2) the Commission's certification, even though inappropriately restricted to documents "reviewed by the Commission[,]" was nevertheless inaccurate in that the Commission's award in that legal file explicitly described, considered, and denied Rowe's first three motions to submit additional evidence. We reasonably infer from those actions that the Commission necessarily "reviewed" these three motions before making its award, yet they were not included in the legal file as so certified.

Second, when the omission from the legal file of Rowe's first three motions to submit additional evidence was brought to the Commission's attention, it took no voluntary action to comply with its ministerial duty under section 287.495. Only after this Court issued an order did the Commission file a supplemental legal file with those motions. Apparently, however, the Commission did not take any further action to ascertain or assure that the legal file was otherwise complete. If it had done so, it would have discovered at that time, at a minimum, that Rowe's fourth motion to submit additional evidence had also been omitted from the legal file and could have been included in the supplemental legal file along with the first three motions. Moreover, this mandated supplemental legal file was not returned to this Court until after Rowe's initial brief was required to be filed. This omission from the legal file, even though later provided, nevertheless impacted and impaired Rowe's ability to raise any claim of error related to these motions, which she eventually attempted to assert in her reply brief.

Third, the Commission's voluntary return of the second supplemental legal file with Rowe's fourth motion to submit additional evidence did not occur until after all briefing had been completed. The extreme tardiness of this motion's inclusion in the record substantially impacted the parties' ability to raise or defend claims of Commission error and negatively impacted and hindered the appellate process. Moreover, all parties have asserted that Rowe's fourth motion included an attached exhibit. Rowe asserts in a motion filed with this Court on December 5, 2019, that there was an exhibit attached to her fourth motion to submit additional evidence. Likewise, in their suggestions related to Rowe's fourth motion, the Respondents refer to and purport to rely upon an exhibit attached to that motion. Yet, the document purporting to be the fourth motion in the Commission's second supplemental legal file does not have any exhibit included with it. The Commission's certification "that the attached supplemental

11

document is a true copy as appears on record in this matter" offers no insight as to whether the fourth motion had an exhibit attached when it was filed with the Commission, as all parties now assert.

Fourth, although the Commission eventually certified, under order of this Court, that "the record submitted to the court is true, accurate, and complete[,]" all parties make assertions that, if true, indicate the record is still not complete. The parties' assertions related to the purported exhibit attached to Rowe's fourth motion to submit additional evidence are set out in the preceding paragraph. In addition, Employer asserts in its suggestions related to that motion that the Commission issued a directive that Respondents' answers to Rowe's motions to submit additional evidence could be filed separately or as part of their briefs and that Employer's brief was filed with the Commission by the deadline of May 3, 2019. Employer does not, however, provide any citation to the record supporting the existence of or filing with the Commission of either document. Nor could it because neither is included in the record.

Fifth, while the preceding observations substantially diminish our confidence in the completeness of the record as mandated by section 287.495.1 and the accuracy of the Commission's belated and mandated Rule 100.02(f) certification of completeness, we reasonably and confidently can ascertain, nevertheless, that on May 10, 2019, Rowe filed her fourth motion to submit additional evidence with the Commission and, as conceded by Respondents, "the record is devoid of any ruling on this fourth Motion either in the Award issued by the Commission, or by separate order." We cannot, however, reach or decide the merits of Respondent's alleged claims that the motion is untimely filed, deficient, incomplete, or "the Motion and the attached Exhibit have no bearing or impact on the ultimate issues or outcome of Employee's case" because the documents Respondents rely upon as supporting these claims are

12

not in the record.  *See **Miller***, 68 S.W.3d at 578 (documents not part of the record cannot be considered in appellate review).

### **Commission Erred by Failing to Enter an Order Granting or Denying Rowe's Fourth Motion to Submit Evidence**

In her first point, Rowe contends the Commission failed to properly apply the law—8 CSR 20-3.030(2)(B)—by failing to either grant or deny her fourth motion to submit additional evidence.  In section 287.495 appeals, questions of law are reviewed *de novo*.  ***Greer v. SYSCO Food Services***, 475 S.W.3d 655, 664 (Mo. banc 2015).

"After an application for review has been filed with the commission, any interested party may file a motion to submit additional evidence to the commission."  8 CSR 20-3.030(2)(A).  "The commission shall consider the motion to submit additional evidence and any answer of opposing parties without oral argument of the parties and enter an order either granting or denying the motion."  8 CSR 20-3.030(2)(B).

Nothing in the record before us, as filed by the Commission, supports that the Commission considered and then entered an order either granting or denying Rowe's fourth motion to submit evidence filed on May 10, 2019, as required by 8 CSR 20-3.030(2)(B).  The Commission, therefore, failed to properly apply the law and Rowe's first point is granted.

### **Decision**

The Commission's Final Award Denying Compensation is reversed and the matter is remanded to the Commission with directions to consider and to enter an order either granting or denying Rowe's fourth motion to submit evidence filed on May 10, 2019, as required by 8 CSR 20-3.030(2)(B), and then to proceed accordingly and in a manner consistent with this opinion.[6]

---

[6] We need not address any other issues raised by Rowe in this appeal because, depending upon how the Commission rules upon her fourth motion to submit additional evidence and then proceeds in accordance with that ruling, those

13

GARY W. LYNCH, P.J. – OPINION AUTHOR

NANCY STEFFEN RAHMEYER, J. – CONCURS

WILLIAM W. FRANCIS, JR., J. – CONCURS

---

issues may be otherwise addressed and resolved by the Commission or become moot. Any decision by this Court at this time, therefore, would be premature.