Joseph E. THORNTON, Claimant–
Appellant,

v.

Haas BAKERY, Employer–Respondent,

and

Aetna Casualty and Surety Company,
Insurer–Respondent.

No. 63090.

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 3, 1993.

Mogab & Hughes, Charles A. Mogab and John F. Conley, St. Louis, for employee-appellant.

Hayes, Newmark & Steigerwald, Daniel L. Steigerwald, St. Louis, for employer/insurer-respondent.

CRANDALL, Presiding Judge.

Employee, Joseph E. Thornton, appeals from the decision of the Labor and Industrial Relations Commission. We affirm.

Joseph E. Thornton (claimant) was employed as a baker for Haas Bakery (employer). On January 27, 1989, while pushing a cart loaded with bakery goods, he was injured when his left foot and ankle were struck by a metal squeegee. After the incident, claimant received medical treatment from his own physician as well as physical therapy. He did not work from May 8, 1989 to May 18, 1989. On August 2, 1989, employer switched claimant's treatment from his physician to employer's physician. Employer's physician took claimant off the job on August 25, 1989. In December 1989, employer's physician performed a work capacity evaluation on claimant and concluded as follows:

It is therefore not recommended that [claimant] return to work as long as he is dependent upon his cane as he requires use of bilateral upper extremities for his job. Physical therapy is also not recommended as he has attempted this three (3) times in the past without success. At present the only job he could tolerate would be a job that required sitting.

In January 1990, the physician found that claimant suffered 15 percent permanent partial disability of the left leg and that he would be unable to function in employment which involved prolonged standing, climbing, bending, lifting or twisting. Claimant's subsequent attempts to find employment were unsuccessful. On January 25, 1990, employer terminated claimant's temporary total benefits.

On June 25, 1990, claimant was examined by a second physician of his choosing. At this time claimant reported back pain. He was limping and used a cane to assist in walking. Claimant's physician diagnosed blunt trauma to the left ankle and reflex sympathetic dystrophy as a result of the original injury. The physician rated claimant's injury as 25 percent permanent partial disability as a result of the injury to his left foot and ankle and 50 percent permanent partial disability as a result of the reflex sympathetic dystrophy. The physician stated that claimant had a permanent disability and would require future medical treatment.

After a hearing, the administrative law judge found that claimant was temporarily and totally disabled as a result of his injury. The administrative law judge made the award temporary:

I think an attempt should be made through vocational rehabilitation to help him as suggested by ... [the] company doctor. I feel that some time should be given to see if the condition is stabilized. This is the reason for the temporary award. The employer and insurer are to provide all necessary medical care, including hospitalization, surgery and medicines, if needed in the future.

Following the temporary award, the employer sent claimant to a different physician. Employer's second physician determined that claimant had "some permanent

impairment in his left lower extremity" which would result in some restrictions at work. He recommended that claimant seek employment where "he is able to get off his feet and ... does not have to walk for long distances." In February 1991, the physician found that claimant had a 30 percent permanent partial disability of the left ankle.

Claimant's second physician then reexamined claimant. He noted that claimant had gained thirty pounds since he had last seen him. He also stated that claimant could not sit or stand for more than thirty minutes at a time. He reiterated his finding of permanent partial disability of 25 percent of the ankle. He found that the reflex sympathetic dystrophy continued to be "significantly disabling" and warranted a permanent partial disability rating of 50 percent of the whole person. He further found that claimant was "not employable in any work capacity" and that he would require long term medical care.

At the final hearing in April 1991, claimant was forty-seven years of age. He testified that he was experiencing pain in his left foot, hip, and lower back. The back pain had not responded to various treatments, including nerve blocks, rest, and physical therapy. Although he had looked for suitable employment, he had not been successful. He stated that he had not worked since August 25, 1989.

The administrative law judge found that claimant suffered 50 percent permanent partial disability of the body as a whole referable to the back and 50 percent permanent partial disability of the left ankle. He awarded future medical care benefits to claimant. The administrative law judge also doubled the temporary award.

Both claimant and employer appealed to the Commission. The Commission made the following determinations: it modified the award of the administrative law judge by disallowing benefits for claimant's back injury; it reversed the doubling of the temporary award; it affirmed the award of 50 percent permanent disability to the lower extremity; and it affirmed the award of future medical benefits. The Commission denied permanent total disability benefits to claimant.

In his first point, claimant charges error in the Commission's denial of total disability benefits. The Commission specifically found:

Although the employee's injury to his foot was serious, under the circumstances of this case the Commission does not find substantial credible evidence that the injury was so severe as to justify an award of permanent total disability as defined by [§ 287.020.7, RSMo (1986)].

In addition, the Commission noted claimant's attempts to find employment and inferred that claimant "believes he is capable of some work, albeit sedentary."

■■■ Our review of the Commission's decision is limited to questions of law. § 287.495, RSMo (1986). We must affirm the Commission's decision if, after a review of the entire record in the light most favorable to the finding, we believe the award is supported by competent and substantial evidence. *Sansone v. Joseph Sansone Const. Co.*, 764 S.W.2d 751, 752 (Mo.App. 1989). In making this determination, evidence which might support findings different from those found by the Commission must be disregarded. *Nelson v. Consolidated Housing Development and Management Co., Inc.*, 750 S.W.2d 144, 148 (Mo. App.1988). Questions of fact are for the Commission and we may not substitute our judgment on evidence for that of the Commission's, even if the evidence could support a contrary finding. *Saidawi v. Giovanni's Little Place*, 805 S.W.2d 180, 182 (Mo.App.1990). The weight to be given evidence rests with the Commission and it alone determines the credibility of witnesses. *Id.* Where competent evidence is conflicting, resolution is for the Commission and its choice is binding upon this court. *Id.*

■■ Section 287.020.7 defines total disability as the "inability to return to any employment and not merely ... inability to return to the employment in which the employee was engaged at the time of the accident." The "inability to return to any

employment" means that the employee is unable to perform the usual duties of the employment under consideration in the manner that such duties are customarily performed by the average person engaged in such employment. *Kowalski v. M-G Metals and Sales, Inc.,* 631 S.W.2d 919, 922 (Mo.App.1982). The pivotal question is whether any employer in the usual course of business would reasonably be expected to employ the employee in his present physical condition. *Id.*

■ Although claimant's second physician determined that claimant was "not employable in any work capacity," neither of employer's physicians concurred in this opinion. Each of the physicians who were questioned about claimant's employment options recognized that employment for claimant would necessarily be restricted because of his physical condition. The evidence was that claimant would not be able to function in a job which involved climbing, bending, lifting, twisting, walking long distances or standing for prolonged periods of time. Claimant testified that he had sought employment. The commission was free to accept the evidence as true and to believe that claimant was capable of performing some job in his present physical condition. There was sufficient evidence for the Commission to deny claimant total disability benefits. Claimant's first point is denied.

In his second point, claimant contends that the Commission's failure to find him totally disabled was not a question of fact, but was a question of law; and this court should review it as such. Claimant relies on *West v. Posten Const. Co.,* 804 S.W.2d 743 (Mo. banc 1991) to support his position. In *West,* an independent contractor sought workers' compensation benefits from a person who was contemporaneously an owner of the property and his own general contractor. *Id.* at 743. The Missouri Supreme Court reversed the Commission's application of § 287.040.3, RSMo (1986) to exempt the owner of the property from workers' compensation liability to the independent contractor. *Id.* at 746. The Court stated, "Decisions of the Commission in workers' compensation proceedings that are clearly an interpretation or application of law, as distinguished from a determination of fact, are not binding upon this Court and fall within this Court's province of review and correction." *Id.* at 744.

In the present case, the issue is not whether a particular section of the Workers' Compensation Act is applicable to the facts of the case. Section 287.020.7 is a statute which merely defines "total disability" and there is no question about its applicability to this case. Claimant's second point is denied.

■ Lastly, claimant alleges that the Commission erred in reversing the administrative law judge's award of 50 percent permanent partial disability of the back. In denying this award, the Commission stated:

> Although the record reveals that the Employee suffers from back discomfort as a result of the limp that he has developed, no physician rated his condition as an additional disability or indicated that the condition was permanent. The employee even admitted that he suffered no injury to his back.

The record in the present action reflects that claimant's second physician determined that claimant suffered a 50 percent permanent partial disability as a result of reflex sympathetic dystrophy. He did not, however, assign a percentage of disability to claimant as a result of the pain he experienced in his back. In addition, although there was testimony about the pain and restrictive movements in claimant's back, there was also evidence that claimant's back problems were the result of a preexisting condition and not the result of the work-related injury to his ankle. There was sufficient evidence for the Commission to reverse the award of 50 percent permanent partial disability of the back. Claimant's final point is denied.

The decision of the Commission is affirmed.

REINHARD and CRIST, JJ., concur.