Ronnie P. HALL, Sr., Claimant–Appellant,

v.

G.W. FIBERGLASS, INC., Employer–Respondent.

No. 64772.

Missouri Court of Appeals, Eastern District, Division One.

March 29, 1994.

Beck, Tiemeyer & Zerr, Richard K. Zerr, St. Charles, for appellant.

Brown & James, P.C., John J. Johnson, St. Louis, for respondent.

CRANDALL, Presiding Judge.

Claimant, Ronnie P. Hall, Sr., appeals from a decision of the Labor and Industrial Relations Commission (Commission) denying his worker's compensation claim. The Commission affirmed the decision of the Administrative Law Judge, who denied the claim because of lack of notice to the employer, G.W. Fiberglass, Inc. We affirm.

Claimant alleged at trial he suffered a back injury while laying out tar paper for his employer. He testified that he immediately told his supervisor, a secretary, and a vice-president of his employer of his injury. It is undisputed that he failed to give timely written notice of his injury to employer as required by § 287.420 RSMo (1986).

■ In a worker's compensation case, we review the record to determine whether the decision of the Commission is supported by competent and substantial evidence. *Thornton v. Bakery,* 858 S.W.2d 831, 833 (Mo.App.E.D.1993). Questions of fact are for the Commission. We may not substitute our judgment on the evidence for that of the Commission, even if the evidence would support a contrary finding. *Id.*

On appeal, claimant argues that the Commission erred in denying compensation. He claims that he was excused from giving written notice because the employer had actual notice of the injury and employer failed to show that it was somehow prejudiced.

■ Section 287.420 requires that an employee who suffers a compensable injury give written notice to the employer as soon as practicable, but no later than thirty days after the occurrence. Lack of timely written notice may be excused when there is actual notice to the employer. *Smith v. Plaster,* 518 S.W.2d 692, 697 (Mo.App.1975). Claimant has the burden of proof of showing that the employer was not prejudiced. *Pattengill v. General Motors Corporation,* 820 S.W.2d 112, 113 (Mo.App.1991). A prima facie showing of no prejudice is made if claimant can show the employer had actual notice. *Willis v. Jewish Hospital,* 854 S.W.2d 82, 85 (Mo.App.E.D.1993).

■ Here, the Commission found as a matter of fact that there was no actual notice despite the testimony of claimant. Other than claimant's own testimony, there was no evidence that claimant actually notified any representative of employer about a work related injury. Certainly there was evidence to support a contrary finding. The issue of credibility, however, was for the Commission. This court cannot substitute its judgment of the evidence for that of the Commission. *Thornton,* 858 S.W.2d at 833.

The finding of the Commission was supported by competent and substantial evidence on the record as a whole. Claimant's point is denied.

The decision of the Commission is affirmed.

REINHARD and CRIST, JJ., concur.