**William CROWELL,
Employee/Respondent,**

v.

**Brad HAWKINS, Employer/Appellant.**

**No. ED 79420.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Nov. 27, 2001.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Feb. 20, 2002.

Application for Transfer Denied
March 19, 2002.

David Jay Reynolds, Jr., Law office of Evans & Dixon L.L.C., St. Louis, MO, for Appellant.

Alan E. Dewoskin, Law Firm of Alan E. Dewoskin, P.C., Clayton, MO, for Respondent.

SHERRI B. SULLIVAN, Presiding Judge.

## Introduction

Brad Hawkins (Employer) appeals from the decision of the Labor and Industrial Relations Commission (the Commission) finding William Crowell (Employee) to be totally disabled, and awarding Employee past and future medical treatment expenses. Employee also appeals. We affirm in part and reverse in part.

## Facts and Proceedings Below

On June 5, 1995, Employee, while in the employment of Employer, sustained an injury by accident arising out of and in the course of employment, while both Employee and Employer were operating under the provisions of the Missouri Workers' Compensation Act (the Act). Specifically, Employee was loading an ATM machine into a truck, when he slipped in some oil, fell on his left side and heard a pop and felt pain in his left ankle. Employer had notice of the injury and a Claim for Compensation was timely filed. As of the date of the Commission's award, Employer had paid compensation to Employee in the amount of $92,288.70 covering the period of time from June 12, 1995 through February 28, 1999.

Both Employee and Employer submitted evidence and testimony of their respective expert witnesses at the hearing before the Administrative Law Judge (ALJ) on the issues of Employer's liability for Employee's past medical expenses; future medical care; permanent partial or total disability; and costs. Among other evidence, Employee presented the testimony of his treating physician Dr. Brendan Morley, and Vocational Rehabilitation Counselor Timothy G. Lalk. Also among other evidence, Employer presented the testimony of Dr. Thomas Phillips, Dr. John Gragnani, and Rehabilitation Counselor/Vocational Expert Donna Abram, as well as surveillance videotapes and reports.

## Standard of Review

There are two standards of review for awards from the Commission. There is a *de novo* standard for questions of law, which allows this Court to examine issues and make holdings as though it were the court of origin. *Sutton v. Vee Jay Contracting Co.*, 37 S.W.3d 803, 807 (Mo.App. E.D.2000). The standard for questions of fact, however, requires the reviewing court to examine the record and all reasonable inferences therefrom in the light most favorable to the findings and award of the Commission to determine whether they are supported by competent and substantial evidence. *Id.* If so, the reviewing court must then determine whether the Commission's findings and award, even though supported by competent and substantial evidence, were nevertheless clearly contrary to the overwhelming weight of the evidence contained in the whole record before the Commission. *Id.* In other words, the Commission's factual findings and resulting award should be set aside on appeal only if they are not supported by competent and substantial evidence or, even if supported by such evidence, if they are clearly contrary to the overwhelming weight of the evidence. *Id.* Otherwise, we must affirm. *Id.*

In reviewing a workers' compensation award, we review the findings of the Commission and not those of the ALJ. *Id.* When, as here, the Commission affirms or adopts the findings of the ALJ, we review the decision and findings of the ALJ as adopted by the Commission. *Id.*

## Points On Appeal

Employer presents three points on appeal. In his first point, Employer main-

tains that the Commission erred in finding that Employee is totally disabled, in that this finding is against the overwhelming weight of the substantial credible evidence in the record, including surveillance of Employee and the testimony of Dr. Phillips, Dr. Gragnani, and Donna Abram, which demonstrated that Employee was not totally disabled and that he was capable of returning to employment.

Section 287.020.7 [1] provides: "The term 'total disability' as used in this chapter shall mean inability to return to any employment and not merely mean inability to return to the employment in which the employee was engaged at the time of the accident."

■ In support of his point, Employer submits Dr. Phillips's testimony that Employee was quite mobile, capable of standing and walking while wearing his brace without apparent discomfort or significant disability. Dr. Phillips's opinion was that Employee was employable as a truck driver, as long as he was weaned off his narcotic medications. Even if he was not so weaned, Dr. Phillips opined Employee could be employed in some form of sedentary work.

Employer also submits the testimony of Dr. Gragnani, that he did not believe Employee had Complex Regional Pain Syndrome (CRPS) or evidence of reflex sympathetic dystrophy (RSD). Dr. Gragnani imposed no restrictions on Employee's ability to work.

Ms. Abram, after performing a transferable skills analysis and reviewing the limitations imposed by all of the physicians involved, testified that there were a number of jobs that would be available to Employee, such as in the areas of clerking and record keeping.

Employer also presents surveillance videos showing Employee performing activities at 101 Auto Sales such as getting down and underneath a vehicle, towing a car, and moving a large barrel, which Employer contends demonstrates that Employee is not totally disabled.

In reviewing the findings of fact made by the ALJ, adopted by the Commission, we determine the Commission's award is based upon substantial evidence. The Commission found that although Employee displayed a mobility in the surveillance videotapes that at times appeared greater than he described or demonstrated at the hearing, there was no evidence that the level of activity on the video was typical, or that Employee could maintain it during the work day. Furthermore, the Commission found that the video supports Employee's testimony that he visits and performs errands for 101 Auto Sales. The Commission noted that it found Employee's testimony to be credible in general, with respect to his complaints of pain, his need for medication, his physical abilities and his daily activities.

After listening to the testimony of all the medical experts in the case, the Commission found that Employee suffers from CRPS as a result of the accident. The Commission noted that of the three experts who gave an opinion as to a diagnosis, two agreed Employee has CRPS, and both of these doctors, Morley and Phillips, were treating doctors authorized by Employer. The Commission noted that it found Dr. Morley's analysis to be the most credible "not only because he examined [Employee] and provided treatment over a period of time, but because he explained the basis for his opinion in a clear, concise and authoritative manner and his opinion is supported by competent evidence in the record."

---

1. All statutory references are to RSMo (2000), unless otherwise indicated.

Employer complains about the Commission's reliance on Dr. Morley's testimony, because Dr. Morley discounted the videotape of Employee helping to lift the drum. However, the Commission clearly discounted it as well, reasoning that it is not evidence that Employee could perform similar tasks at any time, or on a frequent basis. We agree with the Commission that the videotape does not conclusively establish that Employee is not totally disabled.

■ Employer is asking this Court to substitute its judgment for that of the Commission on matters of the weight of the evidence and the credibility of witnesses. The weight of the evidence and the credibility of witnesses are ultimately matters for the Commission to determine, and we may not substitute our judgment. *Sutton,* 37 S.W.3d at 811. It is the Commission's duty, not the reviewing court's, to review the entire record, determine the credibility of the witnesses, decide the weight to be given their testimony, resolve conflicts therein, and reach its own conclusion. *Phelps v. Jeff Wolk Const. Co.,* 803 S.W.2d 641, 645 (Mo.App. E.D.1991).

For the foregoing reasons, Employer's first point on appeal is denied.

In his second point on appeal, Employer asserts that the Commission erred in awarding Employee future medical treatment in that there was no competent and substantial evidence in the record to support such an award, since Dr. Gragnani and Dr. Phillips testified that Employee did not require additional medical care and Dr. Morley testified only that Employee's medication should be monitored.

■ A worker is entitled to medical treatment as may reasonably be required to cure and relieve from the effects of the injury. Section 287.140.1; *Williams,* 982 S.W.2d at 311. The worker's compensation act permits the allowance for the cost of future medical treatment in a permanent partial disability award. Section 287.140.1; *Landers v. Chrysler Corp.,* 963 S.W.2d 275, 283 (Mo.App. E.D.1997). The claimant is not required to present evidence on the specific medical treatment which will be necessary in the future in order to receive an award of future medical care. *Landers,* 963 S.W.2d at 283. However, where future medical benefits are awarded, the "medical care must flow from the accident before the employer is to be held responsible." *Id.,* citing *Modlin v. Sun Mark Inc.,* 699 S.W.2d 5, 7 (Mo. App. E.D.1985). It is not the claimant's burden to produce "conclusive testimony or evidence" to support his claim for future medical benefits. *Landers,* 963 S.W.2d at 283, citing *Sifferman v. Sears, Roebuck, and Co.,* 906 S.W.2d 823, 828 (Mo.App. S.D.1995). It is sufficient to award future medical benefits if the claimant shows by "reasonable probability" that he is in need of additional medical treatment by reason of his work-related accident. *Landers,* 963 S.W.2d at 283. A claimant need not even establish what particular treatment is needed. *Sutton,* 37 S.W.3d at 807, citing *Landers,* 963 S.W.2d at 283.

Employer cites *Modlin,* 699 S.W.2d at 7, and *Sifferman,* 906 S.W.2d at 828, for the proposition that a mere possibility of need for future medical care does not constitute substantial evidence to support the award. However, as we have just noted, *Sifferman* also says that it is not the claimant's burden to produce "conclusive testimony or evidence" to support his claim for future medical benefits. *Id.* at 828. Section 287.140.1 provides in part, "In addition to all other compensation, the employee shall receive and the employer shall provide such medical, surgical, chiropractic, and hospital treatment … as *may reasonably be required* after the injury or disability, to

cure and relieve from the effects of the injury." (emphasis added).

Employer argues that Dr. Gragnani found that no further treatment was indicated and that narcotic medications should be tapered off; that Dr. Phillips testified that the medication should be tapered off; and that Dr. Morley only testified that the medication should be monitored. Employer asserts that the evidence does not support the Commission's award of future medical care, namely that Employer is obligated to provide Employee with prescription medications necessary to control his pain for as long as is medically necessary.

We find that there is substantial evidence in the record to support the Commission's award of future medical care. Employee testified about the nature and extent of his pain. The Commission found his testimony to be credible. The Commission found that "[Employee] must take medication to control his pain and the effect of the medication is the primary factor limiting [Employee] from returning to the labor market. All the experts agree that [Employee] is either not employable or minimally employable given his prescription medications. While several doctors speculate that [Employee] could function in the work force if he is weaned from the narcotics, there is no evidence that it is possible for [Employee] to taper his medication. To the contrary, Dr. Morley testified that [Employee's] condition is permanent and that a physician would need to prescribe medications indefinitely." Accordingly, the testimony of both Employee and Dr. Morley, who the Commission found to be particularly credible, supports the award of future medical care in the form of prescription medication.

Employer's assertion that Dr. Gragnani recommended that Employee's narcotic medications be tapered off because no further treatment was indicated is not wholly accurate. Dr. Gragnani's response to counsel's question "Do you recommend that [Employee] be weaned off of all the medications?" was "No, I didn't recommend that, but I think it's a good idea since you asked me that." Furthermore, the Commission found that Dr. Gragnani was not aware of Employee's medication or its side effects when Employee fell in his bathroom as a result of those side effects.

Employer's characterization of Dr. Phillips's testimony "that [Employee's] medication should be tapered off" is similarly inaccurate. Dr. Phillips's response to counsel's question "Do you believe that the medications should be tapered off at this time, Doctor?" was "I think his medical management at this point should be referred to a multidisciplinary pain management type of setting and that it's my understanding that long term narcotic medications is not a mainstay of the treatment of these complex regional pain syndromes type I and type II over the long term, but I would defer the decision as to whether [Employee] should be continued on narcotic pain medications or weaned from them to someone who has specific expertise in that area."

Because we find that the Commission's award was supported by substantial evidence, and Employer's arguments are without merit, Employer's second point on appeal is denied.

In his third point on appeal, Employer asserts that the Commission erred in awarding Employee past medical expenses because the overwhelming weight of the evidence showed that Employee failed to prove that the expenses were medically causally related to his June 5th injury. Employer contends that the Commission's finding was against the testimony of Dr.

Gragnani and Dr. Phillips, and that Employee failed to produce substantiating medical records to support his claim for past medical expenses.

■ The Commission found that Employee fell in his bathroom and hurt his left shoulder as a result of side effects of the medications prescribed by Dr. Morley for the treatment of his CRPS I condition. This finding is supported by the testimony of Employee and Dr. Morley. Again, we find that Employer is asking us to reevaluate the Commission's findings of credibility of the witnesses. This we will not do. *See Sutton,* 37 S.W.3d at 811. The Commission specifically noted that Dr. Gragnani, who testified to the contrary, did not understand the circumstances under which Employee fell and was not aware of the medication or its side effects.

Employer also complains that Employee did not submit any medical records in support of his claim that his left shoulder injury was related to the June 5th work injury. Employer asserts that *Martin v. Mid–Am. Farm Lines, Inc.,* 769 S.W.2d 105, 111–112 (Mo.banc 1989) requires the submission of medical records into evidence to support a claim for reimbursement of medical bills when those bills are submitted into evidence. Specifically, the Court said,

> In this case, [Claimant] testified that her visits to the hospital and various doctors were the product of her fall. She further stated that the bills she received were the result of those visits. We believe that when such testimony accompanies the bills, which the employee identifies as being related to and the product of her injury, and when the bills relate to the professional services rendered as shown by the medical records in evidence, a sufficient factual basis exists for the Commission to award compensation. The employer, of course, may challenge

the reasonableness or fairness of these bills or may show that the medical expenses incurred were not related to the injury in question.

*Id.* The Commission relied on Dr. Morley's and Employee's testimony that the shoulder injury was causally related to the June 5th work-related injury because it was caused by the medication Employee was taking for his work-related injury. The Commission noted that, "However, while there is mention of the shoulder injury in the medical records, there is no specific recommendation for further treatment of the condition." Based on this finding the Commission declined to award future medical expenses for the shoulder injury.

Employee responds to Employer's third point by maintaining that the award of past medical expenses did not include expenses related to his shoulder injury, but only expenses incurred from the June 5th ankle injury. Regardless of whether this is true, we find that the record contains evidence supporting expenses incurred from either incident, because the shoulder injury was induced by the medications Employee was taking for the June 5th ankle injury.

We find it is clear from the record that the Commission's award of past medical expenses is supported by substantial evidence, including medical records and medical testimony. Accordingly, Employer's third point on appeal is denied.

### Points on Cross–Appeal

Employee presents three points on cross-appeal. In his first point, he asserts that the Commission erred in its findings of law with regard to the effect of Section 287.203 in three ways. First, Employee states the Commission failed to find that Employee is entitled to reasonable attorney's fees and costs associated with the

scheduled Section 287.203 hearing, when Employer confessed Employee's motion by paying the disputed temporary total disability payment immediately prior to the hearing and requested that the hearing on costs be deferred to the trial of the case on the merits. Second, Employee claims the Commission failed to find Employee was the prevailing party with regard to the scheduled Section 287.203 hearing where Employer confessed Employee's motion by paying the disputed temporary total disability payment immediately prior to the hearing and is entitled to his reasonable attorney's fees and costs. Third, Employee maintains that the Commission failed to find Employer confessed Employee's motion by paying the disputed temporary total disability payment immediately prior to the Section 287.203 hearing.

As noted above in our standard of review section, we review decisions of the Commission which are clearly interpretations or applications of law for correctness without deference to the Commission's judgment. *West v. Posten Const. Co.*, 804 S.W.2d 743, 744 (Mo.banc 1991).

Section 287.203 provides:

**Permanent total disability—computation of amount to be paid—suspension of payments**

Whenever the employer has provided compensation under section 287.170, 287.180 or 287.200, and terminates such compensation, the employer shall notify the employee of such termination and shall advise the employee of the reason for such termination. If the employee disputes the termination of such benefits, the employee may request a hearing before the division and the division shall set the matter for hearing within sixty days of such request and the division shall hear the matter on the date of hearing and no continuances or delays may be granted except upon a showing of good cause or by consent of the parties. The division shall render a decision within thirty days of the date of hearing. **Reasonable cost of recovery shall be awarded to the prevailing party.**

■■■ In this case, Employer terminated Employee's benefits. Employee disputed this termination and requested a hearing before the Division of Workers' Compensation (the Division). According to the record, the Division set the matter for hearing, but never held it because Employer then paid Employee the benefits he was seeking before the hearing was ever held. According to the Commission, since the hearing was not held, the prerequisites of Section 287.203 were not fulfilled, and thus it cannot award Employee reasonable costs of recovery.

■■■ We disagree. The sequence of events set out in Section 287.203 that should occur in a proceeding to determine whether payments should be continued are not properly characterized as *prerequisites* to awarding costs of recovery. The statute contains no language indicating that the sequence of events must be strictly followed to the letter before awarding Employee his costs in pursuing his motion. If we did find that to be so, it would be entirely within Employer's power to manipulate the proceedings, by making payment before a hearing is held, in order to escape from liability for the costs Employee has incurred in making Employer pay him the benefits he is rightly due, and that Employer is wrongfully withholding from him. This result is unacceptable and completely at odds with the policy behind workers' compensation, that the Act should be liberally construed with a view to the public welfare:

All of the provisions of this chapter shall be liberally construed with a view to the public welfare, and a substantial compli-

ance therewith shall be sufficient to give effect to rules, regulations, requirements, awards, orders or decisions of the division and the commission, and they shall not be declared inoperative, illegal or void for any omission of a technical nature in respect thereto. Section 287.800. The proceedings under the Act should be simple, informal, and summary. Section 287.550. The very object and purpose of the Act is that substantial rights are to be enforced at the sacrifice of procedural rights. *Wiele v. Nat'l Super Markets, Inc.*, 948 S.W.2d 142, 146 (Mo.App. E.D.1997).

Consistent with this purpose, and coupled with the lack of any indication in Section 287.203 of prerequisite steps to recover costs, we find that pursuant to Section 287.203, Employee was entitled to his costs of recovery, because he was the prevailing party in that Employer confessed judgment by paying Employee the benefits it had withheld from him. The Commission erred and Employee's first point on cross-appeal is granted.

In his second point on cross-appeal, Employee maintains that the Commission found him to have injured his left shoulder, but erred in failing to give him future medical care and aid as may be necessary to cure and relieve him from the effects of the injury to his left shoulder.

In support of his point, Employee points out what we have already noted, that the Commission found Employee's testimony about his pain, need for medication, and his physical abilities and daily activities to be credible, and the Commission found Dr. Morley's testimony to be particularly credible.

However, although the Commission found Employee's shoulder injury to be related to his work injury, it found there was no specific recommendation for fur-

ther treatment of the shoulder in the evidence in the record. Accordingly, it could not fashion an award based on treatment. Employee maintains that the Commission had before it his testimony that Employer refused medical treatment for this injury, and testimony of Dr. Morley about the injury such that the Commission could determine that Employee needs future medical care and aid for his shoulder.

Employee cites cases in which it is said in different ways that every natural consequence that flows from the injury likewise arises out of employment. However, the fact that Employee's shoulder injury arose out of his work-related injury is not disputed and is clearly recognized and found to be so by the Commission. The Commission found there was *no specific recommendation for further treatment* of the shoulder injury in the medical records.

There must be sufficient evidence in the record as to the prognosis of the injury and what future treatment would be needed, to enable the Commission to fashion an award for future treatment. However, the Act does not require that there be evidence of the specific medical treatment or procedures that will be necessary in the future as that may put an impossible and unrealistic burden upon the employee. *Bradshaw v. Brown Shoe Co.*, 660 S.W.2d 390, 394 (Mo.App. S.D.1983).

As we pointed out in discussion of Appellant's second point, Section 287.140.1 provides that the employee shall receive and the employer shall provide such treatment as may reasonably be required to cure and relieve from the effects of the injury. Appellant need only demonstrate a reasonable probability, and not conclusive evidence, in support of his claim.

Here, Employee complains that he informed Employer of his shoulder injury, and Employer denied him treatment for his injury. Dr. Morley wrote a progress

note to Dr. Phillips, Hilda Fortner (from Vanliner Insurance Company), and Employee's counsel Alan DeWoskin stating that Employee had some anterior tenderness of his left shoulder due to the fall and that he should be evaluated on an industrial basis, i.e., his injury should be treated as an industrial one. Dr. Morley also wrote a letter to Ms. Fortner where he stated that Employee had his left shoulder pain worked up, and that he had a rotator cuff tear. Dr. Morley also said that Employee was "having trouble finding someone to do any arthroscopic surgery secondary to insurance difficulties although I did give him some suggestions on calling County Health Facilities, etc. to try to find an orthopedic surgeon willing to take him on."

We are troubled by the presence in the record of evidence of the specific nature of Employee's shoulder injury and the suggested future treatment, i.e., surgery. We are left wondering whether this evidence presents a credibility issue as to Dr. Morley's diagnosis and recommended treatment. We conclude that it does not, because the Commission specifically said "while there is mention of the shoulder injury in the medical records, there is no specific recommendation for further treatment of the condition." First, evidence in the record defies that finding. Second, case law belies the fact that there has to be such a specific recommendation. *Bradshaw*, 660 S.W.2d at 394.

Additionally, we find that Employer's refusal to sanction treatment for Employee's shoulder injury creates a greater burden for Employee to obtain a diagnosis for further treatment, as evident by Dr. Morley's statement set out above. For the foregoing reasons, we find that the Commission's decision not to award Employee future medical care for his injured shoulder is against the weight of the evidence.

Accordingly, Employee's second point on appeal is granted.

■ In his third point on appeal, Employee states the Commission erred in failing to award Employee future medical care and aid as may be necessary to cure and to relieve him from the effects of the injury to his left ankle and CRPS I, and only awarding Employee payments for his medical prescription bills, because such omission is not supported by substantial evidence and is against the weight of the evidence.

Employee maintains that Dr. Morley testified that Employee will require additional medical treatment in the future for an indefinite period of time. However, with regard to Employee's ankle injury, we find the medical testimony in the record only supports future treatment of prescription medication for pain relief. Employee asserts that without an award for future medical care and aid, Employee will not be able to see a doctor to get medical prescriptions for his pain. We agree and hold that the Commission's award be modified to include "such medical ... treatment, including ... medicines, as may reasonably be required ... to cure and relieve [Employee] from the effects of [his] injury." Section 287.140. Accordingly, Employee's third point on appeal is granted.

Based on the foregoing, we reverse in part and affirm in part the decision of the Commission. The portions of the Commission's decision denying Employee his costs of recovery in bringing his motion under Section 287.203, denying Employee future medical care for his injured shoulder, and denying Employee such treatment as may reasonably be required to cure and to relieve him from the effects of his ankle injury and CRPS I, are reversed and remanded with instructions to modify the award in accordance with this opinion, and

in all other respects the decision is affirmed.

LAWRENCE G. CRAHAN, J., and LAWRENCE E. MOONEY, J., concur.