**Michael PURSIFULL, Appellant,**

**v.**

**BRAUN PLASTERING & DRYWALL, Respondent.**

**No. WD 66881.**

Missouri Court of Appeals, Western District.

Aug. 14, 2007.

Rehearing Denied Sept. 25, 2007.

---

Scott P. Holwitt, Esq., St. Louis, MO, for appellant.

Bruce Levine, Esq., Kansas City, MO, for respondent.

Before ULRICH, P.J.[1], LOWENSTEIN and SMART, JJ.

HAROLD L. LOWENSTEIN, Judge.

## I. FACTS

Michael D. Pursifull appeals the denial of his workers' compensation claim for temporary total disability and past and future medical expenses. Pursifull, a 43–year–old union carpenter, was hired on a job-by-job basis from May 2003 through September 2003, by Braun Plastering & Drywall ("Braun"). Sometime around the first of September 2003, Pursifull was attempting to lift a large metal stud into place at a job site in Mexico, Missouri, when another employee dropped his end of the stud, and Pursifull, on a mechanical lift fifteen feet in the air, was jerked downward. He experienced a transient twinge or sharp pain in his lower back. (Hereinafter "Accident 1".) He did not report this accident to his employer because the initial symptoms subsided. He did not miss any work, although he continued to experience a dull, muscle tightness-type of pain in his lower back.

Sometime around September 23, 2003, Pursifull, still employed by Braun, had transferred to a work site in Columbia. He was lifting some wall material from one level of the building to another. Pursifull experienced a second sharp pain in his back, the pain shooting down his left leg. (Hereinafter "Accident 2".) Again, as in Accident 1, the symptoms subsided; he thought he had only pulled a muscle. He did not report the accident to his employer nor did he miss any work.

At the end of September 2003, Pursifull's doctor put him on work restrictions for unrelated injuries to his shoulders. Pursifull left Braun and began work as a foreman at another company. His back pain, however, was slowly progressing. He visited the emergency room on October 11 complaining of worsening back pain but did not report any specific injury. The hospital noted that the injury was apparently work-related. Pursifull received pain injections. He was not admitted to the hospital. He followed up with his personal physician and received steroid injections and oral medications. At the end of October 2003, he was admitted into the hospital for severe back pain. Pursifull testified that he began to "connect the dots" at that point and determined that he must have been injured in the two accidents while employed by Braun.

While in the hospital, Pursifull called Debbie Forck, co-owner of Braun, and reported a work-related injury that occurred on September 1, 2003 (Accident 1). He reported the circumstances of Accident 1 and stated that he must have injured his back at that time. When he finally reported Accident 1 in late October 2003, the statutory reporting period had lapsed. He did not mention Accident 2 at that time or in any subsequent conversation. Forck told him that he was required to report the accident within forty-eight hours of its occurrence. On October 31, 2003, Pursifull filed a claim for workers' compensation for injuries arising from Accident 1.

During November 2003, Pursifull was treated by his doctor with steroid injections before he was referred to Dr. Randal Trecha, an orthopedic specialist. Dr. Trecha diagnosed Pursifull with a herniated nucleous pulposus at L5–S1, and Pursifull underwent surgery. He was off work for the next three months. His back pain worsened, and the pain down his left leg returned. Dr. Trecha recommended a discogram and surgical fusion. At the time of the hearing, Pursifull had not undergone the recommended surgery.

[1]. Judge Ulrich retired from the court after submission of this opinion.

## II. Procedural Posture

On June 8, 2005, Pursifull's claim for temporary total disability and past and future medical expenses came before an administrative law judge at the Division (the "ALJ"). Prior to the presentation of evidence, Pursifull verbally amended his claim to reflect two separate claims—one for Accident 1 and a second for Accident 2. The AJL heard testimony and took evidence as to both claims at the hearing.

Pursifull testified to the circumstances of both accidents and his subsequent disability. To establish medical causation, he presented the deposition testimony of Dr. Trecha. Dr. Trecha's deposition had been taken in March 2005, three months before Pursifull added the claim for Accident 2. Dr. Trecha attributed Pursifull's injuries to his work-related accident but did not state, nor was he asked, whether Accident 1 or Accident 2 precipitated the injuries or what percentage of disability arose from each accident.

Braun's representative, Debbie Forck, testified that Pursifull had not provided timely notice of Accident 1 but that she had investigated the accident after Pursifull's October 2003 phone call. At that time she spoke with Pursifull's fellow employees and supervisors and filed an accident report. She stated that Pursifull never reported Accident 2. She testified that she first had notice of Accident 2 from a Second Injury Fund document.

The ALJ found that even if Pursifull could have overcome his failure to give timely notice of Accident 1, he did not provide Braun with any notice of Accident 2. As such, Pursifull could not maintain an action for benefits stemming from injuries caused by Accident 2. Moreover, Pursifull "failed to identify which of the two injuries caused the need for the recommended treatment or the need to have lost time for work." As such, the extent of disability, if any, arising from Accident 1 could not be determined and benefits apportioned accordingly. Therefore, both claims were denied.

Pursifull appealed to the Labor and Industrial Relations Commission ("the Commission"). Prior to its review, the Commission ordered that Pursifull file a formal claim for Accident 2 in accordance with his verbal amendment at the first hearing before the ALJ. The Commission adopted the findings of the ALJ and, in addressing each claim, supplemented the ALJ's analysis with a further discussion of medical causation. The Commission affirmed the ALJ's decision, stating that "[t]he burden was on employee to prove the injury sustained was attributable to a work related accident for which the employer would be liable" and that employee failed to meet that burden. Moreover, the Commission determined that there were "viable issues concerning the compensability of the two accidents." In denying both claims, the Commission concluded that Pursifull had failed to sustain his burdens as to notice and as to medical causation.

## III. Standard of Review

In reviewing a decision of the Commission this court "may modify, reverse, remand for hearing, or set aside the Commission's decision only if it acted without or in excess of its power; the award was procured by fraud; its findings of fact do not support the award; or there was not sufficient competent evidence in the record to substantiate the award." *Calcara v. PPG Indus., Inc.*, 211 S.W.3d 142, 143 (Mo.App.2007). "A court must examine the whole record to determine if it contains sufficient competent and substantial evidence to support the award, i.e., whether the award is contrary to the overwhelming weight of the evidence." *Hamp-*

*ton v. Big Boy Steel Erection,* 121 S.W.3d 220, 222–23 (Mo. banc 2003).

This court reviews the findings of the Commission and where the Commission adopts the findings of the ALJ, the ALJ's findings, as adopted by the Commission, are reviewed. *Crowell v. Hawkins,* 68 S.W.3d 432, 435 (Mo.App.2001). Issues of credibility are for the Commission, and, in the absence of fraud, the findings of the Commission are conclusive. *Hall v. G.W. Fiberglass, Inc.,* 873 S.W.2d 297, 298 (Mo. App.1994). This court will not substitute its judgment for that of the Commission, even if the evidence would support a contrary finding. *Id.* Issues of law, however, are reviewed under a *de novo* standard that "allows this Court to examine issues and make holdings as though it were the court of origin." *Crowell,* 68 S.W.3d at 435.

## IV. DISCUSSION

Pursifull first asserts that he showed good cause and lack of prejudice for his failure to provide timely notice of Accident 1 and that the evidence adduced as to Accident 1 should be sufficient to overcome the lack of notice for Accident 2. He argues that the ALJ's finding that he had shown both good cause and lack of prejudice as to Accident 1 but not Accident 2 is an inconsistent application of Section 287.420.[2]

Section 287.420 requires that, before an employee may bring a proceeding for workers' compensation, the employee must provide his employer "written notice of the time, place and nature of the injury . . . as soon as practicable after the happening thereof but not later than thirty days after the accident." Section 287.420. Notice enables the employer to "protect himself by prompt investigation of the ac-

cident and treatment of the injury." *Reichert v. Jerry Reece, Inc.,* 504 S.W.2d 182, 187 (Mo.App.1973). "Giving notice is not an unconditional prerequisite to recovery." *Messersmith v. Univ. of Mo.-Columbia,* 43 S.W.3d 829, 832 (Mo. banc 2001). The failure to provide timely written notice may be excused where the employee can show good cause for such failure or a lack of prejudice to the employer. Section 287.420.

Good cause for failure to provide notice within thirty days of the accident has been found "where at the time the accident occurred the injury appeared trivial to the employee and its seriousness did not become apparent until more than 30 days had elapsed." *Messersmith,* 43 S.W.3d at 832. A claimant may demonstrate lack of prejudice where "evidence of actual notice was uncontradicted, admitted by the employer, or accepted as true by the fact-finder." *Willis v. Jewish Hosp.,* 854 S.W.2d 82, 85 (Mo.App.1993). If, however, the employee cannot show either written notice or actual knowledge, the employee bears the burden to show and obtain the Commission's finding that no prejudice to the employer resulted. *Soos v. Mallinckrodt Chem. Co.,* 19 S.W.3d 683, 686 (Mo.App.2000). Where the employee fails to adduce evidence of lack of prejudice, the court will "presume that the employer was prejudiced by the lack of notice because it was not able to make a timely investigation." *Id.* In order to determine whether an employer is prejudiced by failure to provide any notice of an accident, the Commission must hear evidence on the issue and the employee bears the burden of proof of lack of prejudice. *Brown v. Douglas Candy Co.,* 277 S.W.2d 657, 663 (Mo.App.1955) (*quoting Newman v. Rice–*

2. All statutory references are to RSMo (Cum. Supp.2000).

*Stix Dry Goods Co.*, 335 Mo. 572, 73 S.W.2d 264, 267 (Mo.1932)).

Pursifull provided notice, albeit untimely, as to Accident 1. The ALJ did not specifically find that Pursifull had overcome the failure to provide notice but, rather, noted that Pursifull *may* have been able to do so as he had made a showing of good cause and lack of prejudice. However, Pursifull did not provide any notice whatsoever to employer of Accident 2. In that he failed to provide any notice, he bore the burden to prove lack of prejudice to employer. The ALJ found that Pursifull failed to meet the burden of showing lack of prejudice as to Accident 2.

Pursifull was able to show that Braun investigated Accident 1 after Forck received untimely notice. However, he failed to show that his employer was not prejudiced by the failure to provide any notice of Accident 2. In fact, Forck testified that she never had the opportunity to investigate Accident 2 because she was not aware of its occurrence. Although Pursifull attempted to elicit from Forck that she would not do anything differently if she were to investigate when she received notice of the claim for Accident 2 from the Second Injury Fund, the Commission specifically found that such evidence was not sufficient to meet Pursifull's evidentiary burden.

Pursifull's contention that the Commission's application of Section 287.420 to the two claims was inconsistent is without merit. The two accidents presented two different evidentiary burdens. Employee could not overcome the burden of the presumption of prejudice associated with Accident 2 with the same evidence he adduced as to the untimely notice of Accident 1. The question of notice as to each accident was factually distinct, and, therefore, the evidentiary burdens were, accordingly, distinct.

Because Pursifull failed to provide Braun any notice of Accident 2 and failed to overcome the resulting presumption of prejudice, Accident 2 is deemed noncompensable. However, the ALJ did not determine whether Accident 1 was compensable or noncompensable. The Commission adopted the findings of the AJL but stated, in error, that the ALJ found, as to Accident 1, that "employee failed to sustain his burden of proof that he complied with the notice provisions prescribed by section 287.420." In fact, the ALJ stated that "the failure to give timely notice of the first accident *might* very well have been overcome, given [employee's] showing of good cause for failure to report his back injury and his showing of lack of prejudice to the employer/insurer, there is no evidence of notice, much less of good cause for failure to give notice or a showing of lack of prejudice to the employer/insurer with regard to the second accident." (Emphasis added.) As such, the ALJ did not make *any* finding whether the untimely notice for Accident 1 was, in fact, overcome and whether Accident 1 was compensable.

Neither the ALJ nor the Commission made any specific findings as to Accident 1. If Accident 1 was indeed a compensable accident, Pursifull should now have the chance to demonstrate temporary total disability and medical expense that flows solely from Accident 1. However, the record reveals that Pursifull cannot demonstrate temporary total disability following Accident 1 as he continued to work between Accident 1 and Accident 2. Thus, Pursifull should not be due any temporary total disability compensation as a result of Accident 1. The record is unclear as to whether Pursifull has incurred any medical expenses, in the past or will do so in the future, as a consequence of Accident 1. If

Accident 1 was a compensable accident, Pursifull must demonstrate medical expense flowing solely from Accident 1.

The Commission's decision determining that compensation was not available for Accident 2 is affirmed. The decision as to Accident 1 is reversed, and this case is remanded for the limited purpose of determining whether Accident 1 was in fact compensable and whether Pursifull incurred any medical expense, past or future, solely as a consequence of Accident 1.

All concur.