Clifford CONRAD, Appellant,

v.

**JACK COOPER TRANSPORT COMPANY, Respondent.**

No. WD 69407.

Missouri Court of Appeals,
Western District.

Oct. 21, 2008.

Mark D. Chuning, Kansas City, for appellant.

Jo Stephanie Warmund, Kansas City, for respondent.

Before: HAROLD L. LOWENSTEIN, P.J., VICTOR C. HOWARD, and THOMAS H. NEWTON, JJ.

THOMAS H. NEWTON, Judge.

Clifford Conrad appeals the Labor and Industrial Relation Commission's decision to deny him future medical expenses for his April 30, 2004 work injury. Although he claims that he has two points on appeal, Conrad really makes one point: that the commission erred in denying him future medical expenses because the undisputed evidence established that his April 30, 2004 work injury aggravated his pre-existing condition to the point that he will need a future knee replacement.

Conrad worked for Jack Cooper Transport refueling trucks, which required him to enter and exit trucks all day long. One day, on April 30, 2004, Conrad twisted his left knee exiting a truck. He informed Jack Cooper of the injury, and it sent him to the Wyandotte Clinic for evaluation. The evaluation revealed that Conrad had a meniscal tear in his left knee.

As a result, Jack Cooper sent Conrad to Dr. Jones, an orthopedic surgeon, for surgery on his left knee. Dr. Jones had performed arthroscopic surgery on Conrad's left knee a few years earlier when he suffered a non-work related injury to it. Dr. Jones once again performed arthroscopic surgery on Conrad's left knee to repair a meniscal tear and some cartilage damage. On August 17, 2004, Conrad was able to return to work without any restrictions.

Conrad filed a claim against Jack Cooper for workers' compensation. After a hearing, an administrative law judge awarded Conrad permanent partial disability 'and future medical expenses. Jack Cooper appealed the award to the commission, which modified it to deny Conrad benefits for future medical expenses. This appeal follows.

## Standard of Review

Section 287.495.1,[1] governs our review of the commission's decision. It says that we:

> may modify, reverse, remand for rehearing, or set aside the award upon any of the following grounds and no other:
>
> (1) That the commission acted without or in excess of its powers;
>
> (2) That the award was procured by fraud;
>
> (3) That the facts found by the commission do not support the award;
>
> (4) That there was not sufficient competent evidence in the record to warrant the making of the award.

In *Hampton v. Big Boy Steel Erection*, 121 S.W.3d 220 (Mo. banc 2003), the Missouri Supreme Court set out the standard of review:

---

1. Unless otherwise indicated, all statutory references are to RSMo 2000. Although the Workers' Compensation Law was substantially revised in 2005, neither party argues for the application of the amendments and, in fact, we have previously held that the 2005 amendments do not apply retroactively. See *Van Winkle v. Lewellens Prof'l Cleaning, Inc.*, 258 S.W.3d 889, 894 (Mo.App.2008). Thus, we decide this case under the statute as it existed at the time of Conrad's injury. *Id.*

A court must examine the whole record to determine if it contains sufficient competent and substantial evidence to support the award, i.e., whether the award is contrary to the overwhelming weight of the evidence. Whether the award is supported by competent and substantial evidence is judged by examining the evidence in the context of the whole record. An award that is contrary to the overwhelming weight of the evidence is, in context, not supported by competent and substantial evidence.

*Id.* at 222–23 (citation and footnote omitted).[2] This standard does not require us to review the evidence in a light most favorable to the commission's decision. *Id.* at 223. We, however, defer to the commission on issues involving witnesses' credibility and the weight to be given their testimony. *Higgins v. Quaker Oats Co.,* 183 S.W.3d 264, 270 (Mo.App.2005).

## Legal Analysis

In two points, Conrad claims that the commission erred in denying him an award of future medical benefits on the basis that the undisputed evidence established that his need for future treatment was due to his pre-existing degenerative condition and not his work related injury because this finding is not supported by the record. Specifically, he claims that this finding is not supported by the record because the medical testimony at the hearing established that, while his pre-existing condition was the primary reason he would need future medical treatment, his work related injury contributed to his need for future medical treatment.

The Workers' Compensation Act requires employers "to furnish compensa-

tion under the provisions of this chapter for personal injury or death of the employee by accident arising out of and in the course of the employee's employment[.]" § 287.120.1. This compensation often includes an allowance for future medical expenses, which is governed by Section 287.140.1. *Rana v. Landstar TLC,* 46 S.W.3d 614, 622 (Mo.App.2001). Section 287.140.1 says:

In addition to all other compensation paid to the employee under this section, the employee shall receive and the employer shall provide such medical, surgical, chiropractic, and hospital treatment, including nursing, custodial, ambulance and medicines, as may reasonably be required after the injury or disability, to cure and relieve from the effects of the injury.

Section 287.140.1 places on the claimant the burden of proving entitlement to benefits for future medical expenses. *Rana,* 46 S.W.3d at 622. The claimant satisfies this burden, however, merely by establishing a reasonable probability that he will need future medical treatment. *Smith v. Tiger Coaches, Inc.,* 73 S.W.3d 756, 764 (Mo.App. 2002). Nonetheless, to be awarded future medical benefits, the claimant must show that the medical care " 'flow[s] from the accident.' " *Crowell v. Hawkins,* 68 S.W.3d 432, 437 (Mo.App.2001)(quoting *Landers v. Chrysler Corp.* 963 S.W.2d 275, 283 (Mo.App.1997)).

While an employer may not be ordered to provide future medical treatment for non-work related injuries, an employer may be ordered to provide for future medical care that will provide treatment for non-work related injuries if evidence establishes to a reasonable

---

**2.** We cite several cases in this opinion that were overruled by Hampton when it changed the standard of review for workers' compensation cases. See 121 S.W.3d at 224–32.

These cases do not otherwise conflict with Hampton and are cited, without further notation, for legal principles unaffected by the change in the standard of review.

degree of medical certainty that the need for treatment is caused by the work injury.

*Stevens v. Citizens Mem'l Healthcare Found.*, 244 S.W.3d 234, 238 (Mo.App. 2008); *see also Bowers v. Hiland Dairy Co.*, 132 S.W.3d 260, 270 (Mo.App.2004) (claimant must present "evidence of a medical causal relationship between the condition and the compensable injury, if the employer is to be held responsible" for future medical treatment).

In its award, the commission denied Conrad's request for an award for future medical expenses, because, in its view, Dr. Jones had testified that his need for future treatment was due solely to his pre-existing condition:

> Dr. Jones was the treating surgeon and only medical expert to provide an opinion with regard to employee's need for additional medical care and treatment. The medical record when read in totality clearly indicates that future medical treatment is not warranted as a result of employee's work injury. The opinion of Dr. Jones establishes that employee will not require additional medical care to cure and relieve him from the effects of his April 30, 2004 work injury. *Dr. Jones states definitely that employee's need for ongoing care and treatment was due to the pre-existing underlying degenerative condition of employee's left knee and not his work-related injury.* Dr. Jones opined that given the amount of articular disease present at the time of employee's arthroscopy in 2004, employee would at some point in the future need a total knee replacement. *Therefore, it is likely that employee would have needed the total knee replacement regardless of whether he incurred the injury at work.*[3]

On appeal, Conrad claims that the commission erred in entering its conclusions because Dr. Jones did not testify that Conrad's pre-existing degenerative condition would be the sole or exclusive reason for his future medical needs. Rather, Dr. Jones's testimony established only that his pre-existing degenerative condition would be the substantial or primary factor for his future knee replacement. Conrad claims that the commission cannot deny him future medical benefits merely because his pre-existing condition was the primary or the substantial reason he would need a future knee replacement. We agree.

At the hearing, Dr. Lowry Jones was the only medical expert to provide an opinion regarding Conrad's need for future medical treatment. Conrad is correct that Dr. Jones never testified that Conrad's need for a future knee replacement would be due *solely* or *exclusively* to his pre-existing condition. In his August 16, 2005 letter, Dr. Jones stated originally that Conrad's work injury aggravated his pre-existing degenerative condition to the point that he would need a future knee replacement:

> I therefore believe his overall permanent-partial impairment is the previous 12 percent, and an additional 10 percent. This reflects his ongoing persistent knee pain, the fact that he had considerable chondral wear although it predated his injury, appears to have been significantly aggravated by his injury.

> In summary, his total partial-permanent impairment is 22 percent.

> *I do think he had considerable chondral wear. He would be a candidate to consider a hyaluronic acid product, and at some day in the future, likely will need a total knee replacement.*

---

3. We added the emphasis.

*It appears from the history that his injury did aggravate his underlying disease process enough to consider this part of his claim.*[4]

Dr. Jones clarified this position, in both his January 30, 2007 letter and March 15, 2007 letter by stating only that Conrad's pre-existing condition was the *primary* or the *substantial* reason that Conrad would need a future knee replacement. In his January 30, 2007 letter, Dr. Jones determined that the primary source of the chondral wear, which would likely result in Conrad's need for future knee replacement, was his pre-existing degenerative condition:

I do believe in a 51–year–old male the amount of articular disease that he presented at the time of surgery that at some point in the future he will obviously require a total knee replacement. However, I do not believe his original injury was the source of his articular wear.

His injury mechanism was consistent with a meniscal tear. He was found to have a complex meniscal tear, which was his primary injury. We did find extensive fragmentation of the articular cartilage consistent with chronic patellofemoral wear. This was treated with arthroscopic debridement, which should benefit the patient. However, I do not believe that his injury was the primary source of this articular wear.

A total knee in the future would definitely be *primarily caused* by the chronic wear, not the acute injury. *The injury[,] although it may have aggravated to some degree [employee's] articular patellofemoral pain,* again was not the primary source for the eventual need for a total knee replacement.

*The primary reason for a total knee replacement will be definitely in my opinion the pre-existing wear that was present at the time of arthroscopy.*[5]

In his March 15, 2007 letter, Dr. Jones concluded that Conrad's work related injury was not the substantial contributing reason he would need future knee surgery:

Specifically, the April 30, 2004, accident that Mr. Conrad had resulted in a primary meniscal tear. It was not the *substantial contributing factor* that would require him to undergo a total knee replacement in the future.[6]

■ In both these letters, Dr. Jones clarified his position by stating that Conrad's pre-existing condition was the primary or substantial reason that he would need a future knee surgery. Dr. Jones, however, never retracted his original statement that Conrad's work related injury aggravated his pre-existing condition to the point that it should be considered part of his claim. Thus, while Dr. Jones's testimony establishes that Conrad's pre-existing condition was the primary or substantial reason he would need a future knee replacement, it also establishes that his work injury, although not the substantial reason, was one of the reasons that he would need future medical treatment. Nothing in Dr. Jones's testimony, therefore, establishes that Conrad's pre-existing condition was the *exclusive* reason that he would need a future knee replacement. The commission, therefore, had no basis for concluding that Conrad's need for a future knee replacement was due exclusively to his pre-existing degenerative condition. The only issue left for us to decide is whether or not Conrad can recover future medical costs even though his work

4. We added the emphasis.

5. We added the emphasis.

6. We added the emphasis.

related injury was not the primary or the substantial cause for the future medical treatment.

 In that regard, the respondent does not cite to—nor can we find any—authority for the proposition that the claimant can recover future medical benefits only if the work related injury was the primary or substantial reason for the future medical benefits. Rather, as we note above, the standard is that the claimant must show that the future medical care flows from the accident. *Crowell,* 68 S.W.3d at 437. This requirement merely restates the necessity of a causal connection between the original compensable injury and the medical treatment. It is well-established law that " ' "a preexisting but non-disabling condition does not bar recovery of compensation if a job-related injury causes the condition to escalate to the level of disability." ' " *Portwood v. Treasurer of State of Missouri,* 219 S.W.3d 289, 293 (Mo.App.2007). And, a claimant can receive an award of future medical benefits if a work injury aggravates a pre-existing condition to the point that the claimant is likely to need future care. *See Stevens,* 244 S.W.3d at 238 (holding that employer was responsible for employee's future knee surgery even though sole medical expert testified that it was likely that employee would need future knee surgery because of her osteoarthritis); *Modlin v. Sun Mark, Inc.,* 699 S.W.2d 5, 7 (Mo.App.1985). Although Conrad had a pre-existing condition, which is the primary reason he needs a future knee replacement, the undisputed evidence also establishes that, at the very least, his work related injury aggravated his pre-existing condition to the point that he will need a future knee replacement. Because Conrad's work related injury aggravated his pre-existing condition to the point that he will need future treatment, his future treatment is compensable under § 287.140.1. *Id.* Hence, the commission erred in denying him an award of future benefits for his knee injury.

### Conclusion

The commission erred in denying Conrad future medical benefits. We remand the case back to the commission for proceedings that are consistent with this opinion.

HAROLD L. LOWENSTEIN, P.J. and VICTOR C. HOWARD J. concur.